IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: NC SWINE FARM <br> NUISANCE LITIGATION | ) ) ) ) ) ) ) Master Case No. 5:15-CV-13-BR |

THIS DOCUMENT RELATES TO:

ALL CASES

## INITIAL CASE MANAGEMENT ORDER

This matter comes before the court with regard to the 25 cases listed on Attachment A. Having considered the parties' Joint Status Report filed on January 5, 2015 [DE-26], and the parties' comments and proposals presented at the initial telephonic status and scheduling conference held on January 8, 2015, the court ORDERS as follows:

**1. Pretrial Coordination.**

a. The above-listed cases shall be coordinated for pretrial purposes until further order. The provisions of this order shall govern the procedural aspects of coordination.

b. This order does not constitute a determination that these cases should be coordinated for trial, nor does it have the effect of making any entity or person a party to an action in which said entity or person has not been joined and served in accordance with the Federal Rules of Civil Procedure.

c. The coordination of these cases for pretrial and discovery purposes shall not prejudice the right of any party to request severance or other reorganization.

## 2. Master Case.

a. The clerk shall maintain a master case styled as "IN RE: NC SWINE FARM NUISANCE LITIGATION," Master Case No. 5:15-CV-13-BR. All filings subsequent to the entry of this order shall be made solely in the master case and shall be deemed filed and docketed in each individual case to the extent applicable, subject to the following exceptions:

   i. Pleadings, including answers, amended complaints, third-party complaints, counterclaims, replies to counterclaims, answers to cross-claims, and third-party answers, shall be filed only in the individual case to which the filing pertains and not in the master case.

   ii. Stipulated dismissals and stipulated judgments shall be filed in both the master case and in each individual case to which the filing pertains.

b. All filings shall include in the caption the master case name and number (i.e., In re: NC Swine Farm Nuisance Litigation, No. 5:15-CV-13-BR) in conformity with the styling of this order. If a filing pertains to all 25 cases, the notation "ALL CASES" shall be placed under the master case caption. If a filing pertains to fewer than all the cases, the case name and number for each case to which the filing pertains shall be listed under the master case caption.

## 3. Amended Complaints.

a. Plaintiffs shall file amended complaints within **45 days** of the date of this order. Prior to the filing of any amended complaints, the parties shall meet and confer regarding the proposed amended complaints in an attempt resolve previously asserted challenges to particular Plaintiff's claims on *Iqbal/Twombly* grounds, as well as issues raised in the motions to strike and motion for judicial notice.

b. The parties agree that the filing of the amended complaints will moot all motions to dismiss, strike, amend or for judicial notice pending at the time of the filing of the amended

2

complaints. Therefore, upon the filing on the amended complaints, all prior pending motions shall be DENIED AS MOOT without prejudice to refile any such motions, and the clerk shall then terminate the motions.

**4.     Motions.**

To further the efficient administration and resolution of these cases, the parties shall endeavor to file omnibus motions when practical. Defendant shall file any Rule 12 motions, including motions to dismiss or strike, or other motions, in response to Plaintiffs' amended complaints within **30 days** of the filing of the last of the amended complaints. Plaintiffs shall respond to any such motions filed by Defendant within **21 days** of the filing of the motions. Defendant shall file its replies, if any, within **14 days** of the filing of Plaintiffs' responses.

**5.     Answers.**

Defendant shall have until **30 days** after the date the court rules upon any Rule 12 motions to file its answers to the complaints or amended complaints in all 25 cases.

**6.     Discovery.**

Discovery in these cases shall be coordinated to prevent duplication and conflicts wherever possible. Where the motions to dismiss are not potentially dispositive of all claims asserted in these cases, the court expects the parties to proceed with initial discovery prior to the court's ruling on the motions to dismiss. The parties shall meet and confer to submit a proposed interim discovery plan within **30 days** of the filing of the last of Plaintiffs' amended complaints.

7. **Local Rules, Policies and Procedures, and Judicial Practice Preferences.**

The parties shall comply with the court's local rules, policies and procedures, and judicial practice preferences, all of which may be found on the court's website. In particular, the parties shall ensure that the filing of sealed material is made in compliance with Local Civil Rule 79.2 and Section T of the CM/ECF Policy manual; provide proposed orders electronically in a word processing format (preferably WordPerfect) to documents_judge_britt@nced.uscourts.gov; and provide a courtesy copy of any motion, memorandum, or brief which exceeds 30 pages or of any exhibits which exceed a total of 30 pages, by mailing or delivering to the clerk's office in Raleigh.

8. **Further Case Management Orders.**

Within **14 days** of the filing of Defendants' answers to the amended complaints, the parties shall conduct a Rule 26(f) conference and a proposed discovery plan shall be submitted to the court within **14 days** thereof. A more detailed case management order will be entered following submission of the parties' Rule 26(f) proposed discovery plan(s).

SO ORDERED, this the __9__ day of January, 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

4

**Attachment A**

1. *Anderson, et al. v. Murphy-Brown, LLC*, 7:14-CV-183
2. *Artis, et al. v. Murphy-Brown, LLC*, 7:14-CV-237
3. *Baker, et al. v. Murphy-Brown, LLC*, 7:14-CV-227
4. *Barton, et al. v. Murphy-Brown, LLC*, 7:14-CV-218
5. *Bennett, et al. v. Murphy-Brown, LLC*, 7:14-CV-236
6. *Blanks, et al. v. Murphy-Brown, LLC*, 7:14-CV-219
7. *Blow, et al. v. Murphy-Brown, LLC*, 7:14-CV-232
8. *Branch, et al. v. Murphy-Brown, LLC*, 7:14-CV-200
9. *Brown, et al. v. Murphy-Brown, LLC*, 7:14-CV-245
10. *Collier, et al. v. Murphy-Brown, LLC*, 2:14-CV-56
11. *Cromartie, et al. v. Murphy-Brown, LLC*, 7:14-CV-238
12. *Faison, et al. v. Murphy-Brown, LLC*, 7:14-CV-229
13. *Farrior, et al. v. Murphy-Brown, LLC*, 7:14-CV-184
14. *Fullwood, et al. v. Murphy-Brown, LLC*, 7:14-CV-228
15. *Gillis, et al. v. Murphy-Brown, LLC*, 7:14-CV-185
16. *Charles Herring, et al. v. Murphy-Brown, LLC*, 7:14-CV-233
17. *Elsie Herring, et al. v. Murphy-Brown, LLC*, 7:14-CV-199
18. *Humphrey, et al. v. Murphy-Brown, LLC*, 7:14-CV-234
19. *Lisane, et al. v. Murphy-Brown, LLC*, 7:14-CV-201
20. *McGowan, et al. v. Murphy-Brown, LLC*, 7:14-CV-182
21. *McKiver, et al. v. Murphy-Brown, LLC*, 7:14-CV-180
22. *McMillon, et al. v. Murphy-Brown, LLC*, 7:14-CV-181
23. *Miller v. Murphy-Brown, LLC*, 7:14-CV-217
24. *Pearson, et al. v. Murphy-Brown, LLC*, 5:14-CV-663
25. *Webb, et al. v. Murphy-Brown, LLC*, 4:14-CV-152