IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM
NUISANCE LITIGATION

INTERIM CASE MANAGEMENT ORDER

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

This matter comes before the Court with regard to the Joint Proposed Interim Discovery Plan ("Interim Plan") submitted by the parties, through their counsel, pursuant to the Court's Orders dated January 9, April 2, and May 1, 2015, regarding the above-captioned coordinated proceeding.

Having carefully considered the parties' submissions, the Court orders as follows:

1. Initial disclosures under Rule 26(a)(l)(A) shall be waived, and the discovery specified below shall occur instead.

2. The Court approves the parties' proposed forms for a Plaintiff Fact Sheet ("PFS") and a Defendant Fact Sheet ("DFS"), attached as Exhibits to the Interim Plan.

3. The Court hereby orders and instructs that the Plaintiffs shall provide PFS responses for at least 100 individual Plaintiffs every 30 days, such that Plaintiffs shall provide responses for every named Plaintiff within 180 days or no later than November 17, 2015.

4. The Court hereby orders and instructs that the Defendant shall provide DFS responses for 5 of the 26 currently filed cases every 30 days, such that Defendant shall provide responses for all cases within 180 days or no later than November 17, 2015.

1

5. The Court further orders that the fact sheet responses may be served electronically (e.g., as email attachments).

6. The parties may stipulate to alter interim deadlines within the 180-day period so long as this discovery is concluded by the end of the 180-day period or no later than November 17, 2015. The parties will report to the Court on the status of the coordinated proceedings within two weeks of the end of the 180-day period.

7. The Court orders that fact sheets produced must be substantially complete in all respects. This means that the party will answer every question in the fact sheet and leave no blanks, even if the answer to the question in good faith is "not applicable" or "I don't know." In addition, it means that party will produce the documents requested or a statement certifying that there are no responsive, non-privileged documents.

8. If a party does not receive a fact sheet within fourteen (14) days following the due date set forth, the party may send a Notice of Overdue Discovery to opposing counsel.

9. If a fact sheet is not received within twenty-one (21) days of service of the Notice of Overdue Discovery, a party may file any motions it deems appropriate, including a motion to compel or dismiss after complying with the meet and confer requirement of Local Civil Rule 7.1(c).

10. If a fact sheet is received, but is not substantially complete in all respects, the receiving party may send a Deficiency Letter to opposing counsel which will allow that party an additional twenty-one (21) days to address the noted deficiencies and serve a fact sheet that is substantially complete. The Deficiency Letter shall provide sufficient details to allow the parties to meet and confer regarding the alleged deficiencies.

11. If a fact sheet that is substantially complete in all respects is not received within 21 days of service of a Deficiency Letter, a party may file any motions it deems appropriate, including a motion to compel or dismiss.

12. In addition to the fact sheets, the parties may in engage in other discovery regarding topics appropriate for this preliminary stage, including (1) necessary and indispensable parties, (2) integrator liability, (3) severance, and (4) statute of limitations. The parties may mutually agree upon additional topics. The parties may seek this preliminary discovery by serving written discovery requests or engaging in other normal modes of discovery, such as taking depositions, naming experts, serving third-party discovery, and so forth. In addition to the usual rules and restrictions regarding such discovery found within Fed. R. Civ. P. 26 through 37, a party served with or responding to discovery requests or initiatives in this regard has the right to object to discovery requests on the grounds that the requested discovery, in whole or part, exceeds the bounds of permissible threshold issues or should not be allowed at this stage. If the parties dispute whether requested discovery is objectionable or allowable in this regard, the parties will engage in a meet and confer process in an effort to resolve the issue. The parties will not involve the Court in resolving such discovery issues except as a last resort.

13. Initial motions related to the preliminary issues shall be due no later than February 16, 2016. Responses to such motions shall be due no later than March 16, 2016, and replies, if any, shall be due no later than April 6, 2016.

SO ORDERED, this the 21 day of May, 2015.

Robert B. Jones, Jr.
United States Magistrate Judge