IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM
NUISANCE LITIGATION

THIS DOCUMENT RELATES TO:

ALL CASES

## PROTECTIVE ORDER

WHEREAS, the parties in the above-entitled action believe that parties and non-parties may be asked to produce documents, provide testimony or otherwise supply information that contains confidential, sensitive or proprietary information in connection with discovery in the above-entitled litigation; and

WHEREAS, the Court finds it appropriate to issue a protective order to permit the disclosure of such confidential, sensitive or proprietary information in connection with the above-entitled litigation, but to protect that information from public disclosure; and

WHEREAS, the intent of this agreement and order is not to relieve any party producing documents or information claimed to be confidential from its ultimate burden to show why any such material is entitled to be treated as confidential, if such claim of confidentiality is challenged; and

WHEREAS, as stated below, the failure of a receiving party to expressly challenge a claim of confidentiality at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the documents or information is not in fact confidential or not an appropriate designation for any reason, and procedures for asserting such a challenge are provided below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs and defendant, through their respective counsel, and it is ordered by the Court, that, during this action, with respect to the disclosure of any information, documents or things obtained by any party to this action, where such items are asserted to contain or comprise confidential or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

1

1. <u>Definitions</u>: For purposes of this Protective Order, the following definitions shall apply:

 (a) The term "document" shall mean each and every writing within the meaning of Rule 1001 of the Federal Rules of Evidence, and shall consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

 (b) The term "Disclosing Party" is defined herein as any party or nonparty who is requested to produce or produces documents, materials or testimony containing CONFIDENTIAL INFORMATION.

 (c) The term "Receiving Party" is defined herein as any party to whom documents, materials or testimony containing CONFIDENTIAL INFORMATION is provided.

 (d) The term "CONFIDENTIAL INFORMATION," as used herein, means information, documents, things or data of any type, kind or character that the Disclosing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order. In designating materials as "CONFIDENTIAL INFORMATION," the Disclosing Party shall do so in good faith, consistent with the provisions of this Order. Nothing contained herein shall be construed to allow global designations of all materials or documents as "CONFIDENTIAL INFORMATION." Further, nothing in this Order shall be interpreted to mean that a Disclosing Party is relieved of its ordinary burden to show why documents or information must be treated as confidential, or that a Receiving Party has waived its right to challenge a claim of confidentiality as further discussed below.

 (e) The term "HIGHLY CONFIDENTIAL INFORMATION" as used herein, means CONFIDENTIAL INFORMATION that may comprise or reveal extremely sensitive trade secret or other confidential or proprietary, commercially sensitive, technical or financial information, or information containing business policy, strategic planning, or competitive analysis, research, development, or commercial information which, in the hands of a competitor, could seriously compromise the business interests of the Disclosing Party.

 (f) "Outside Service Organization" is defined herein as an individual or organization that provides photocopying, document processing, translation, jury or trial consulting, or graphics services to counsel as part of discovery or preparation and trial of this action.

(g) "Support Staff" is defined herein as employees of counsel for the parties or their Consultants, including paralegals, clerical personnel and secretarial personnel.

(h) "Insurers" is defined to include companies providing insurance directly to a party, insurers who issued policies where a party is an additional insured, and insurers who issued policies that provide coverage that may be subject to indemnification claims of a party as a result of this action.

2. Applicability of Protective Order: If, in the course of this litigation, a party undertakes or is caused to disclose what the Disclosing Party contends is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the procedures herein shall be employed and the disclosure thereof shall be subject to this Protective Order. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be used solely in the preparation, prosecution or trial of this litigation.

3. Other Cases: By entering this Order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated under one of the categories of confidentiality pursuant to this Order, shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed, and under what terms, if any.

4. Disclosure Prohibited: CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, by a Receiving Party to anyone other than persons permitted to have access to such information under this Order. Nothing in this Protective Order shall limit disclosure or use by a designating party of its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5. Designating and Marking Confidential Material: Materials to be designated confidential pursuant to this Protective Order shall be designated and marked as follows:

(a) Documents: Documents may be designated as "CONFIDENTIAL" by placing the following legend, or equivalent, on any such document: "CONFIDENTIAL." Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the following legend, or equivalent, on any such document: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such legends shall be placed upon every page of each document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. In lieu of marking the originals of documents, the party may mark the copies that are produced or exchanged.

(b) Non-Paper Media: Where CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the appropriate confidentiality notice as described in ¶

3

5(a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation; or the Disclosing Party may designate such information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by cover letter generally referring to such information.

(c) Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 5(a) above.

(d) Written Discovery: In the case of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION incorporated in answers to interrogatories, responses to requests for admission, or in a written component to responses to requests for production of documents and things, the appropriate confidentiality notice as described in ¶ 5(a) above shall be placed only on the first page of the document and on each answer or response that actually contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

6. <u>Deposition Proceedings</u>: The Designating Party shall make a good faith effort to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" those specific portions of a deposition transcript that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. The entire transcript of a deposition shall be treated as HIGHLY CONFIDENTIAL until 30 days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall cease to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL unless, at the deposition and on the record, or in writing before the 30 days have expired, the witness or his or her counsel designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In addition, the parties may by mutual agreement documented in writing agree to waive the 30-day protection described in the preceding sentence (e.g., in the case of a deposition of a Plaintiff or a fact witness where it is clear no confidential information was disclosed). In the case of non-party witnesses, any party, the non-party witness, or his or her counsel may designate information revealed as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION either by a statement to such effect on the record in the course of the deposition, or in writing within 30 days of receipt of the deposition by the non-party witness' counsel. Counsel for any Disclosing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of the Disclosing Party. With regard to designations made within thirty (30) days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate

4

level of confidentiality of the material and shall be governed by the terms of this Protective Order.

7. Designating Inspections of Documents and Tangible Items: Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed HIGHLY CONFIDENTIAL INFORMATION until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, in which case the provisions of paragraph 8 shall also apply. If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, equipment, premises, or other property pursuant to Rule 34 of the Federal Rules of Civil Procedure will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as appropriate.

8. Inadvertent Nondesignation: The failure to designate CONFIDENTIAL INFORMATION as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order. Disclosure of such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps reasonably necessary to conform distribution to the designation: i.e., returning all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

9. Misdesignation: A Disclosing Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that is generally available to the public. Further, under no circumstances will a Disclosing

Party's designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" relieve the Disclosing Party of its ultimate burden to prove why the document or information should be entitled to confidential treatment.

10. <u>Challenging Designation of Materials</u>: Any Receiving Party disagreeing with the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall notify the Disclosing Party in writing. The Disclosing Party shall then have a reasonable period, not exceeding fourteen (14) days, from the date of receipt of such notice to: (1) advise the Receiving Party whether or not the Disclosing Party persists in such designation; and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation. The Receiving Party may then, after advising the Disclosing Party, move the Court for an order removing the particular designation and replacing it with a different designation or no designation. The designating party who asserts that the document or information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of proving that the designation is proper. Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought. The failure of a Receiving Party to expressly challenge a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

11. <u>Access to CONFIDENTIAL INFORMATION</u>: Access to CONFIDENTIAL INFORMATION shall be limited to
  (a) the parties and witnesses and prospective witnesses of a party who have a need to know the information to assist counsel in connection with the litigation;
  (b) outside counsel for the respective parties, including counsel's Support Staff and Outside Service Organizations;
  (c) in-house counsel (if any) for the respective parties, including in-house counsel's Support Staff and Outside Service Organizations;
  (d) Insurers, including the Insurers' Support Staff and Outside Service Organizations;
  (e) court reporters taking testimony and their support personnel;
  (f) deposition videographers recording testimony and their support personnel;
  (g) the Court and any authorized court personnel;
  (h) experts and consultants retained by a party to this proceeding or the party's counsel for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of claims or defenses;
  (i) mediators retained in connection with these actions; and
  (j) such other persons only as expressly agreed to by the parties under ¶ 17 below.
  Proposed recipients of CONFIDENTIAL INFORMATION pursuant to Paragraph 11(d) and (h) must execute the attestation attached as Exhibit A prior to receiving such CONFIDENTIAL INFORMATION.

12. Access to HIGHLY CONFIDENTIAL INFORMATION: Access to HIGHLY CONFIDENTIAL INFORMATION shall be limited to:
    (a) outside counsel for the respective parties, including counsel's Support Staff and Outside Service Organizations;
    (b) court reporters taking testimony and their support personnel;
    (c) deposition videographers recording testimony and their support personnel;
    (d) the Court and any authorized court personnel;
    (e) experts and consultants retained by a party to this proceeding or the party's counsel for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of claims or defenses; and
    (f) such other persons only as expressly agreed to by the parties under ¶ 17 below.

Outside Service Organizations and proposed recipients of HIGHLY CONFIDENTIAL INFORMATION pursuant to Paragraph 12(e) must execute the attestation attached as Exhibit A prior to receiving such HIGHLY CONFIDENTIAL INFORMATION.

13. Nothing herein is intended to prevent showing a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a person who the document indicates is an author or authorized recipient of the document. Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, the discussion by counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Protective Order. Prior to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any such witness who is not a current employee or officer of the Disclosing Party, the witness shall be informed of the provisions of this Order, read this Order, and execute the Agreement attached hereto as Exhibit A. Notwithstanding the foregoing, during deposition or trial testimony, counsel may disclose documents produced by a party to current employees or officers of the Disclosing Party.

14. <u>Court Reporters and Videographers</u>: Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all documents, information, or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

15. <u>Filing Under Seal</u>: No party shall file with the Court any papers that contain or reference CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any other party or non-party unless that party concurrently files a written application to seal those papers and a proposed order thereon (and/or complies with any applicable ECF filing protocols to keep under-seal filing status). The parties shall cooperate with each other in taking steps to file CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION under seal, including, when appropriate, joining in or consenting to motions to

7

file under seal filed by another party. Unless applicable ECF filing protocols determine a different procedure, if a filing under seal is requested, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes.

16. Storage of Confidential Materials: The Receiving Party shall use due care with respect to the storage, custody, use and/or dissemination of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not be stored at any business premises of the Receiving Party unless such information is stored in a reasonably secured area and accessible only to persons eligible to review such information.

17. Disclosure–Special Cases: If an attorney for any Receiving Party desires to give, show, make available or communicate any document or information designated "CONFIDENTIAL" to a person not authorized by paragraph 11, or any document or information designated as "HIGHLY CONFIDENTIAL" to a person not authorized by paragraph 12 to receive such documents or information, the attorney must first provide written notice of that person's name, an identification of the type of information to which access is required, a brief statement as to why such access is necessary, and a signed copy of the agreement attached hereto as Exhibit A (if appropriate, modified as necessary to narrow the scope of access requested). The Disclosing Party shall have ten (10) days after the emailing or mailing (via overnight delivery) of the above-described information to object in writing to such disclosure. Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person. If the Disclosing Party who so designated the document refuses to give its consent, the Disclosing and Receiving Parties shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the Disclosing or Receiving Party desiring disclosure of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may petition the Court for an order granting or prohibiting disclosure. The Disclosing Party shall bear the burden of demonstrating that disclosure is inappropriate upon any such petition.

18. Copies of Confidential Materials: Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

19. Custody of Confidential Materials: Documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be maintained in the custody of counsel for the parties except that: (a) any court reporter/videographer who transcribes/films testimony given in this action may maintain any such designated documents/footage for the purpose of rendering his or her normal transcribing/video services; and (b) partial or complete

8

copies of these documents may be retained by persons entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

20. <u>Procedure in Event of Non-Permitted Disclosure</u>: Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order and shall:
    (a) promptly inform such person of all the provisions of this Order;
    (b) request such person to sign the agreement in the form attached hereto as Exhibit A, and promptly serve the executed agreement upon the party that designated the document as confidential; and
    (c) identify such person immediately to the Disclosing Party that designated the document as confidential.

21. <u>Privilege Logs</u>: A Disclosing Party withholding documents or information based on one or more claims of privilege will produce a privilege log. There will be no obligation to produce privilege logs identifying attorney-client communications or work product concerning case strategy or the course of litigation that occur following the commencement of this lawsuit, including without limitation efforts to locate and collect documents and electronically stored information ("ESI") in response to a discovery request in this litigation.

22. <u>Inadvertent or Mistaken Disclosure of Privileged Documents</u>: Inadvertent or mistaken production of documents or ESI (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege or protection, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the Disclosing Party shall notify the Receiving Party in writing as set forth herein. In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the Disclosing Party shall, within ten (10) days of the discovery of the inadvertent or mistaken disclosure, notify the other party in writing of the inadvertent or mistaken disclosure. The Disclosing Party may, in the notice, request a "clawback" of the inadvertently or mistakenly disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Disclosing Party or destroy them as agreed between the parties. All notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed and not used. If the Receiving Party elects to file a motion for production of the documents or information, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion, but shall segregate and not use them pending resolution of the motion. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who

9

was not given access to them prior to the request to return or destroy them, unless otherwise ordered by the Court. The party receiving such Inadvertently Produced Documents may, after receipt of the Disclosing Party's notice of inadvertent or mistaken production, move the Court to dispute the claim of privilege and to seek an order compelling production of the documents and information. However, until and unless the Court grants such motion or the parties reach a written agreement to allow the production or use of the documents or information, it shall not be used.

23. <u>Continuing Force and Effect</u>: The terms of this Order shall remain in force and effect after termination of this action unless modified, superseded, or terminated by the agreement of the parties or by order of the Court.

24. <u>No Waiver of Privilege or Work Product</u>: The terms of this Order shall in no way affect a Disclosing Party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney-client privilege or the attorney work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and containing no information designated by another party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

25. <u>Other Matters</u>: Producing or receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, or otherwise complying with the terms of this Order, shall not (a) operate as an admission that any particular "CONFIDENTIAL" material contains or reflects trade secrets or any other type of confidential, privileged or proprietary information; (b) waive any trade secret or other confidential or privileged protection that might otherwise be afforded over that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material; (c) prejudice the rights of a Disclosing Party to object to the production of information or material that the Disclosing Party does not consider to be within the scope of discovery; (d) prejudice the rights of a party to seek a determination by the Court that particular materials be produced or seeking to require a Disclosing Party to show cause why the documents or information should be treated as confidential; (e) prejudice the rights of a Disclosing Party to apply to the Court for further protective orders; (f) prevent the parties or Disclosing Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular document or item of information; or (g) prevent any Disclosing Party from seeking to modify, extend, or limit this Order upon a showing of good cause. Nor shall anything in this Order prevent the parties from contesting the relevancy, admissibility, or discoverability of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, or authorize or sanction the disclosure of information that is protected by a privilege.

26. <u>No Application to Public or Otherwise Available Information</u>: The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to any information which:
    (a) the parties agree, or the Court rules, is already public knowledge;
    (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; or

(c) has come or shall come into a Receiving Party's legitimate possession independently of the Disclosing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that person already has or obtains legitimate possession thereof.

27. <u>Conclusion of Litigation</u>: Unless counsel agree otherwise in writing, within ninety (90) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents or information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or destroy same; and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person. Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created by counsel, their Support Staff or Outside Service Organizations, or by experts and consultants, in connection with the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies must be maintained under the conditions of materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as set out in paragraphs 11 and 12. At the conclusion of the ninety (90) day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in accordance with this order, unless the parties agree in writing to a different disposition of the CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

28. <u>Subpoenas in Other Actions</u>: In the event any person or Receiving Party having possession, custody or control of any document or information produced in this action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail (via overnight delivery), and email if the email address is known, the attorneys of record of the Disclosing Party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

29. <u>Continuing Jurisdiction</u>: The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, or other documents or information, or (iii) seeking further production,

discovery, disclosure, or use of claimed CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, or other documents or information.

    30. <u>Miscellaneous Provisions</u>:

    (a) Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Disclosing Party for purposes of this Protective Order.

    (b) The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c) or other applicable law.

    (c). Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence. However, any party using any document or information produced in this action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a trial shall take appropriate measures to safeguard the confidentiality of the document or information.

    (d) The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED.

This 21 day of May, 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

CONSENTED AND AGREED TO:

s/Mona Lisa Wallace
Mona Lisa Wallace -- N.C. Bar No. 9021
John Hughes -- N.C. Bar No. 22126
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Tel.: (704) 633-5244
Fax: (704) 633-9434
mwallace@wallacegraham.com
jhughes@wallacegraham.com

*Attorneys for Plaintiffs*

By: /s/ Mark E. Anderson
Mark E. Anderson (N.C. Bar No. 15764)

12

McGuireWoods LLP
2600 Two Hannover Square
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Facsimile: (919) 755-6699
Email: manderson@mcguirewoods.com

Eugene E. Mathews III (Va. Bar No. 36384)
Tennille J. Checkovich (Va. Bar No. 68028)
(*By Special Appearance*)
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
Email: mmathews@mcguirewoods.com
      tcheckovich@mcguirewoods.com

*Attorneys for Murphy-Brown, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM
NUISANCE LITIGATION

)
)
)
)
)
)
)

**EXHIBIT A TO PROTECTIVE ORDER AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

The undersigned hereby acknowledges that he/she has received and read Case Management Order No. __, Protective Order, entered by the United States District Court for the Eastern District of North Carolina, in connection with the above-captioned coordinated proceeding, and understands its terms and agrees to be bound by each of those terms.

Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information or highly confidential information made available to him/her other than in accordance with said Order. The undersigned further submits to jurisdiction of this Court for purposes of the Protective Order in this action.

DATED: _____

By: _____
 (signature)

_____
(type or print name of individual)

_____
(name of employer)

14