IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-13-BR

| | |
|---|---|
| IN RE: NC SWINE FARM NUISANCE LITIGATION | ORDER |

This matter is before the court on defendant Murphy-Brown, LLC's ("defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 13.) Plaintiffs filed a memorandum in opposition, (DE # 19), to which defendant replied, (DE # 21). This matter is ripe for disposition.

This litigation involves twenty-six plaintiffs who assert nuisance and negligence claims relating to defendant's hog farming operations in eastern North Carolina. (See, e.g., Blow v. Murphy-Brown, LLC, No. 7:14-CV-232-BR, Am. Compl., DE # 25.)[1] In its instant motion, defendant seeks not to dismiss any of plaintiffs' substantive claims, but rather moves to dismiss "all Plaintiffs' claims for annoyance and diminution in property value damages as they relate to Plaintiffs' nuisance claims and Plaintiffs' claims for 'fear of' damages as they relate to Plaintiffs' nuisance and negligence claims." (DE # 14, at 9.)

Plaintiffs' amended complaints allege:

> The nuisance caused by Defendant's swine has substantially impaired Plaintiffs' use and enjoyment of their property, and has caused anger, embarrassment, discomfort, annoyance, inconvenience, decreased quality of life, deprivation of opportunity to continue to develop properties, injury to and diminished value of properties, physical and mental discomfort and reasonable fear of disease and adverse health effects.

---
[1] For convenience, the court will cite to the amended complaint in Blow. However, its analysis applies globally to all plaintiffs' amended complaints.

(Am Compl., DE # 25, ¶ 255.)

Defendant argues that under North Carolina nuisance law, such "annoyance damages" are not compensable. (DE # 14, at 9.) It contends that the proper measure of damages is the "'diminished rental value; reasonable costs of replacement or repair; restoration of the property to its pre-nuisance condition, and other added damages for incidental losses.'" (Id. at 10 (quoting Rudd v. Electrolux Corp., 982 F. Supp. 355, 372 (M.D.N.C. 1997).) In response, plaintiffs argue that "North Carolina cases reflect the availability of discomfort and annoyance damages." (DE # 19, at 3.) Plaintiffs cite several North Carolina cases in which the plaintiffs recovered annoyance and discomfort damages in nuisance actions; North Carolina treatises and the Restatement (Second) of Torts which note the availability of such damages; and cases from several other states permitting such damages. (Id. at 3-4, 15, 16, 18, 23.)

North Carolina law is not clear on the availability of annoyance and discomfort damages in temporary nuisance actions. From the cases cited by the parties, it does not appear that any North Carolina court has been confronted with or decided the precise issue at hand. Because annoyance and discomfort damages may be available, the court finds that dismissal of plaintiffs' "claims" for such damages would be premature at this early stage in litigation.[2] See Bocock v. Specialized Youth Servs. of Va., Inc., No. 5:14CV00050, 2015 WL 1611387, at *2 (W.D. Va. Apr. 10, 2015) ("[T]he court concludes that dismissal of the emotional distress damages is premature because neither Rule 12(b)(6) nor Rule 12(f) is an appropriate vehicle to dismiss the request for relief."); Rohlik v. I-Flow Corp., No. 7:10-CV-173-FL, 2011 WL 2669302, at *5 (E.D.N.C. July 7, 2011) ("Foreclosing an award of punitive damages under Rule 12(b)(6) at this

---

[2] This applies equally to those damages which defendant characterizes as "fear of" damages. The court cannot easily disentangle damages for "reasonable fear of disease and adverse health effects" from "annoyance and discomfort" damages, as defendant would have this court do. Rather, the potential for deleterious health effects is directly related to discomfort and annoyance damages that may be available.

2

Case 5:15-cv-00013-BR   Document 31   Filed 06/25/15   Page 2 of 3

stage of the litigation appears premature where claims remain for which such damages might be appropriate [under North Carolina law].").

Defendant further argues that "[a]lthough Plaintiffs may be able to recover the diminished rental values of their properties for the claimed temporary nuisance, Plaintiffs' own allegations make clear that they cannot recover the diminished market value of their homesteads and properties because the nuisance complained of is temporary, not permanent." (DE # 14, at 27.) In response, plaintiffs agree and state that "they only mean to allege diminished rental value in this regard, not the total depreciation proper to a permanent nuisance claim." (DE # 19, at 29.) Because plaintiffs confirm they do not seek as damages the total diminished market value of their properties, the court need not address this issue further.

Based on the foregoing, defendant's motion to dismiss, (DE # 13), is DENIED.

This 24 June 2015.

_____
W. Earl Britt
Senior U.S. District Judge