IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-13-BR

| | |
|---|---|
| IN RE: NC SWINE FARM NUISANCE LITIGATION | ORDER |

This matter is before the court on defendant Murphy-Brown, LLC's ("defendant") motion to strike pursuant to Federal Rules of Civil Procedure 10(c) and 12(f). (DE # 15.) Plaintiffs filed a memorandum in opposition, (DE # 20), to which defendant replied, (DE # 22). This matter is ripe for disposition.

## I.  BACKGROUND

This litigation involves twenty-six plaintiffs who assert nuisance and negligence claims relating to defendant's hog farming operations in eastern North Carolina. (See, e.g., Blow v. Murphy-Brown, LLC, No. 7:14-CV-232-BR, Am. Compl., DE # 25.)[1] In its instant motion, defendant moves the court to strike from plaintiffs' amended complaints the following items:

- "All 273 photographs improperly attached as exhibits to, or embedded within, Plaintiffs' Amended Complaints."

- Two declarations attached as exhibits to certain of plaintiffs' amended complaints.

- "[N]early twenty pages of improper allegations about the Communist Party, the People's Liberation Army, the Chinese government, Chinese corporations, exports of pork to China, Chinese demand for and purchases of pork, and statements and actions of non-party corporations distantly related to Murphy-Brown."

- Legal arguments included as allegations concerning the Restatement (Second) of Torts and its "social utility" factor.

---

[1] For convenience, the court cites to the amended complaint in Blow. However, its analysis applies globally to all plaintiffs' amended complaints subject to defendant's motion to strike.

(DE # 16, at 2-3.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  While the court has "considerable discretion in disposing of a Rule 12(f) motion to strike[,]" such motions are generally disfavored "because striking a portion of a pleading is a drastic remedy."  Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (internal quotations omitted).  The moving party has the burden of proof on a motion to strike.  McMillian v. Leconey, No. 5:09-CV-175-BR, 2010 WL 4791800, at *1 (E.D.N.C. Nov. 17, 2010).  The court should only grant a motion to strike on the basis of irrelevancy when "it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party."  Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005).

Federal Rule of Civil Procedure 10(c) controls what exhibits may properly be considered as part of the pleadings in a case.  That rule states, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Regarding Rule 10(c), the court in Green Ventures Int'l, LLC, Partnership v. Guttridge, No. 2:10-CV-01709-MBS, 2010 WL 5019363, at *4 n.4 (D.S.C. Dec. 1, 2010), noted the following:

> Exhibits that may be incorporated within the pleadings under Rule 10(c) include: "documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." *Rose v. Bartle,* 871 F.2d 331, 340 n. 3 (3d Cir.1989) (internal citations omitted).  "[L]engthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings."  5 C. Wright & A. Miller, supra, § 1327, at 489.  The Fourth Circuit has ruled that courts may consider documents attached to a complaint pursuant to Rule 10(c) in ruling on a motion to dismiss for failure to state a claim so long as the documents are "integral to the complaint and authentic."  *Philips v. Pits County Mem. Hosp.,* 572 F.3d 176, 180 (4th Cir.2009).

2

The court may strike exhibits attached to pleadings which do not constitute "written instruments" as contemplated by Rule 10(c).  See E.E.O.C. v. Bo-Cherry, Inc., No 3:13-CV-00210-MOC-DSC, 2013 WL 2317724, at *3-4 (W.D.N.C. May 28, 2013) (striking a photo exhibit attached by a party to its pleading).

## III.  DISCUSSION

### 1.  Photographs

Defendant argues that photographs which plaintiffs attached as exhibits to, or embedded within, their amended complaints are not proper "written instruments" under Rule 10(c).  (DE # 16, at 8.)  Defendant states that striking them from the pleadings "'makes commensense as complaints and answer[s] are vehicles for teeing up claims and defenses, not offering or introducing proof of those claims . . . .'"  (Id. (quoting Bo-Cherry, 2013 WL 2317724, at *4).)  In response, plaintiffs argue that visual images are often contained within pleadings.  (DE # 20, at 22.)

The court agrees with defendant that the photographs do not constitute "written instruments" under Rule 10(c).  The plaintiffs' photographs are evidentiary in nature and are not properly attached to, or embedded within, their amended complaints.  Accordingly, the court will strike the photographs identified by defendant without prejudice.  Plaintiffs may later seek to introduce such evidence as part of an appropriate motion or at trial.

### 2.  Declarations

Defendant argues that the "Bennett Declaration" and the "Translator Declaration" are not proper "written instruments" under Rule 10(c) "because the claims in the Amended Complaints are not based on their contents."  (DE # 16, at 10.)  The Fourth Circuit has not decided the question of whether declarations are permissible attachments to pleadings under Rule 10(c).  See

Occupy Columbia v. Haley, 738 F.3d 107, 116-17 (4th Cir. 2013) (declining to decide the issue after noting splits between the Third and Seventh Circuit Courts of Appeals).  In describing the Third Circuit's approach to this issue, the Occupy court stated:

> The Third Circuit has held that an affidavit does not constitute a "written instrument" within the meaning of Rule 10(c).  *Rose v. Bartle*, 871 F.2d 331, 339 n. 3 (3d Cir.1989).  "To hold otherwise," the court reasoned, "would elevate form over substance by drawing a distinction between an affidavit filed with [a pleading] and an affidavit filed with a motion to dismiss under Rule 12(b)(6)."  *Id.*  The court noted, "the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based."  *Id.* (internal quotation marks omitted).  Finally, the court explained that considering affidavits "would further blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted." Id.

738 F.3d at 116.

The court finds persuasive the Third Circuit's analysis and concludes that the Bennett and Translator declarations are not proper exhibits to plaintiffs' amended complaints.  Like the photographs, these declarations are evidentiary in nature and are not essential to plaintiffs' claims.  Accordingly, the court will strike these declarations without prejudice and plaintiffs may later seek to introduce them as part of an appropriate motion or at trial.

### 3. Allegations regarding China

Defendant objects to plaintiffs' allegations "about the Communist Party, the People's Liberation Army, the Chinese government, Chinese corporations, exports of pork to China, Chinese demand for and purchases of pork, and statements and actions of non-party corporations distantly related to Murphy-Brown."  (DE # 16, at 2.)  It argues these allegations should be stricken because they are scandalous, inflammatory, irrelevant, and immaterial.  (Id. at 13-14.) In response, plaintiffs argue that these allegations are relevant to its nuisance and negligence claims.  (DE # 20, at 9.)  Specifically, plaintiffs contend they are relevant to the social utility

factor in the nuisance jury instruction.  (Id. at 3, 12.)

Regarding the references in plaintiffs' amended complaints to the Communist Party, the People's Liberation Army, and the Chinese government, the court concludes that they should be stricken due to their inflammatory nature.  These allegations are highly prejudicial to defendant and have little to no bearing on plaintiffs' underlying claims.  Thus, the court will strike allegations which reference the Communist Party, the People's Liberation Army, and the Chinese government pursuant to Rule 12(f).

The court declines to strike plaintiffs' allegations regarding Chinese and other corporations which are part of defendant's corporate structure.  Further, it will not strike allegations regarding exports of pork to China and Chinese demand for and purchases of pork.  Because these allegations address a potential source of the alleged nuisance and provide potentially useful contextual information, it is not clear they "have no possible bearing upon the subject matter of the litigation . . . ."  Simaan, Inc., 395 F. Supp. 2d at 278.

### 4.  Legal arguments included in allegations

Defendant urges the court to strike plaintiffs' allegations which contain "legal arguments concerning the Restatement (Second) of Torts . . . and its 'social utility' factor . . . ."  (DE # 16, at 18.)  Federal Rule of Civil Procedure 8(a) requires a party's pleading to contain "a short and plaint statement of the claim showing that the pleader is entitled to relief."  Several courts have concluded that the inclusion of legal arguments in a pleading violates Rule 8(a)'s "short and plain statement" requirement.  See Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197-98 (D. Me. 2003) (striking portions of a complaint containing legal arguments); Barrett v. City of Allentown, 152 F.R.D. 50, 53 (E.D. Pa. 1992) (same).  The Barrett court reasoned that "[i]t would be unfair to allow [legal arguments] to remain in the Complaint because Defendants

would be compelled to weed through the verbiage and respond to the material contained therein or risk having the material deemed admitted." 152 F.R.D. at 53.

Many of plaintiffs' amended complaints contain legal arguments regarding the applicability of sections of the Restatement (Second) of Torts. (See, e.g., Anderson v. Murphy-Brown, LLC, No. 7:14-CV-183-BR, Am. Compl., DE # 32, at ¶ 188 ("Under the Restatement (Second) of Torts, Section 826, the jury may consider the utility of Defendant's enterprise and whether the financial burden of compensating for the harm would make continuation of the enterprise unfeasible . . . .").) At this early stage in litigation, it would be unfair to make defendant respond to plaintiffs' legal arguments regarding the applicability of various Restatement sections to this action. Accordingly, the court, pursuant to Rule 12(f), will strike from plaintiffs' amended complaints legal arguments regarding the applicability of the Restatement (Second) of Torts. Of course, plaintiffs may properly plead *factual* allegations relevant to such legal arguments (including facts relevant to the "social utility" of defendant's business) which they may properly make at a later stage in litigation. The court takes no position on the applicability of the cited Restatement sections to this action.

## IV. CONCLUSION

Based on the foregoing, defendant's motion to strike, (DE # 15), is GRANTED IN PART and DENIED IN PART. Because of the number of items which must be stricken from the amended complaints, plaintiffs are ORDERED to file amending complaints without reference to or attachment of the following items: 1) all photographs identified by defendant which are attached as exhibits to, or embedded within, plaintiffs' amended complaints; 2) the Bennett and Translator declarations attached as exhibits to certain of plaintiffs' amended complaints; 3) allegations which reference the Communist Party, the People's Liberation Army, and the

Chinese government; and 4) allegations which reference the applicability of the Restatement

(Second) of Torts.

This 29 June 2015.

_____
W. Earl Britt
Senior U.S. District Judge