## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE: NC SWINE FARM
NUISANCE LITIGATION

)
)
)
)
)
)

Master Case No. 5:15-CV-00013-BR

O R D E R

THIS DOCUMENT RELATES TO:

ALL CASES

This matter is before the court on Plaintiffs' motion for leave to file under seal. [DE-121].

Plaintiffs filed a motion to compel and requests that the court seal Plaintiffs' brief in support and

exhibit 13, which contain information produced by Defendant as "Confidential" under the Protective

Order [DE-27]. Pls.' Mot. [DE-121] ¶¶ 1-2. Plaintiffs asserts they dispute the confidentiality

designation but must abide by the Protective Order and, therefore, request the documents be sealed.

*Id.* ¶ 3.

On May 21, 2015, the court entered the parties' consent Protective Order governing the

disclosure of confidential or proprietary information in discovery. [DE-27]. The court

contemporaneously entered an order particularizing in greater detail the parties' obligations in filing

such materials under seal in accordance with Local Civil Rule 79.2 and Section T of the CM/ECF

Policy Manual ("Section T") (the "Supplemental Order"). [DE-28]. The Supplemental Order recites

the appropriate procedure "[i]n the event a filing party seeks to file materials that have been

designated confidential by another party or individual," as is the case here. *Id.* at 1 (citing CM/ECF

Policy Manual § T(1)(a)6). Plaintiffs failed to follow the requisite procedure, which is as follows:

> The filing party is required to file a notice of filing pursuant to Section T, in lieu of
> filing a motion to seal, and the filing party need not file a motion to seal or otherwise

defend another party's or individual's request that the materials remain sealed. *Id.*
Within seven (7) days after service of such notice, the party or individual desiring
that the materials be maintained under seal shall file a motion to seal and supporting
memorandum in accordance with Section T. *Id.* Documents submitted under seal
will remain under seal pending the court's ruling on the motion to seal. *Id.* If the
party desiring that the information be maintained under seal does not timely file a
motion to seal, then the materials will be unsealed, without further order of the court.

*Id.* at 1-2 (citing CM/ECF Policy Manual § T(1)(a)6). Additionally, unless the filing party cites a

statute or rule that requires the filing be sealed, the filing party must submit a supporting

memorandum that specifies: (i) the exact document or item, or portions thereof, for which filing

under seal is requested; (ii) how such request to seal overcomes the common law or the First

Amendment presumption to access; (iii) the specific qualities of the material at issue which justify

sealing such material, taking into account the balance of competing interest in access; (iv) the

reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion.

*Id.* at 2 (citing CM/ECF Policy Manual § T(1)(a)1); *see also Stone v. Univ. of Md.*, 855 F.2d 178 (4th

Cir. 1988). The filing party must also set out such findings in a proposed order to seal. *Id.*

Plaintiffs' motion fails to comply with Local Civil Rule 79.2 and Section T, as memorialized

in the Supplemental Order, and is, accordingly, denied. In the interests of efficiency, this order shall

serve as notice to Defendant that documents it asserts are confidential have been provisionally filed

under seal, and Defendant shall have until **June 24, 2016** to file a motion to seal, with supporting

memorandum and proposed order, in conformity with Local Civil Rule 79.2 and Section T(1)(a)1.

SO ORDERED, the *17* day of June 2016.

Robert B. Jones, Jr.
United States Magistrate Judge