IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| IN RE: NC SWINE FARM NUISANCE LITIGATION | ) ) ) ) ) ) | Master Case No. 5:15-CV-00013-BR  ORDER |

THIS DOCUMENT RELATES TO:

ALL CASES

This matter is before the court on Plaintiffs' Motion to Compel Discovery of Documents and Electronically Stored Information [DE-114] and Motion to Compel the Production of Smithfield Foods, Inc. Documents Under Defendant's Control [DE-117]. Defendant, Murphy-Brown LLC ("Defendant" or "Murphy-Brown") filed responses in opposition to the motions. [DE-125, -131]. For the reasons that follow, the motions are denied.

## I. BACKGROUND

This litigation is comprised of 26 cases filed in this court alleging claims for nuisance, negligence, and punitive damages stemming from hog farming operations in eastern North Carolina. *See, e.g., Anderson v. Murphy-Brown, LLC*, No. 7:14-CV-00183-BR, Second Am. Compl. [DE-34]. After engaging in preliminary discovery with respect to certain threshold issues, *see* May 21, 2015 Interim Case Management Order [DE-26], the parties selected the following five cases on which to proceed with more detailed discovery: *Anderson v. Murphy-Brown LLC*, No. 7:14-CV-00183-BR; *Artis v. Murphy-Brown LLC*, No. 7:14-CV-00237-BR; *Gillis v. Murphy-Brown LLC*, No. 7:14-CV-00185-BR; *McGowan v. Murphy-Brown LLC*, No. 7:14-CV-00182-BR; and *McKiver v. Murphy-Brown LLC*, No. 7:14-CV-00180-BR (collectively, the "Discovery Pool Cases"). [DE-96-

1]. Discovery in the Discovery Pool Cases is underway, with fact discovery to conclude on October 31, 2016, expert discovery to take place thereafter and conclude by February 10, 2017, and dispositive motions to be filed by March 31, 2017. *See* Apr. 11, 2016 Interim Scheduling Order [DE-96-1]; May 19, 2016 Interim Scheduling Order [DE-111].

## II. DISCUSSION

A. <u>Motion to Compel Discovery of Documents and Electronically Stored Information [DE-114]</u>

Plaintiffs served a First Request for Production of Documents ("First RFPs") in the Discovery Pool Cases on April 29, 2016 and a Second Request for Production of Documents ("Second RFPs") and First Set of Interrogatories on May 3. Pls.' Br. [DE-115] at 2; Def.'s Opp'n [DE-125] at 2. On May 9, Defendant's counsel emailed Plaintiffs' counsel to discuss a schedule for the production of documents, and counsel conferred on May 16, and again on May 23 and June 2, but were unable to reach an agreement. Pls.' Br. [DE-115] at 7; Def.'s Opp'n [DE-125] at 2-3. Plaintiffs served a Third Request for Production of Documents in the *McKiver* case on May 24 and in the *Gillis* case on June 6. Def.'s Opp'n [DE-125] at 4. On May 31, Defendant responded to Plaintiffs' First RFPs by producing 601 documents (9,318 pages), directing Plaintiffs to 48,000 pages of documents already produced in preliminary discovery, and indicating it would produce additional responsive documents on a rolling basis with the production fully completed within thirty days. Pls.' Br. [DE-115] at 2-3; Def.'s Opp'n [DE-125] at 3. On June 7, Defendant produced an additional 5,000 pages. Def.'s Opp'n [DE-125] at 3. The parties have continued to confer regarding appropriate search terms, and on June 7 Plaintiffs provided Defendant with a revised list of 118 search terms that resulted in roughly 400,000 documents for review. *Id.* at 3-4.

2

Plaintiffs ask the court to compel production of the paper and ESI discovery immediately, asserting that responses were due from Defendant on May 31 and Defendant's rolling production violates the court's scheduling order and Rules 29 and 34 of the Federal Rules of Civil Procedure. Pls.' Br. [DE-115] at 2-9. Additionally, Plaintiffs ask the court to shorten from thirty to seven business days the notice requirement for 30(b)(6) depositions, reasoning that the delay in production has hampered Plaintiffs' ability to schedule these depositions. *Id.* at 9. Defendant responds that it has fully complied with Rule 34, which contemplates rolling productions, and that its production schedule is reasonable in light of Plaintiffs' burdensome discovery requests. Def.'s Opp'n [DE-125] at 4-6. Defendant requests Plaintiffs' motion be denied and that the court enter a protective order pursuant to Rule 37(a)(5)(B) limiting the scope of Plaintiffs' RFPs and awarding Defendant its costs and fees in responding to Plaintiffs' motion. *Id.* at 8-10.

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Rule 34 governs requests for production of documents. The rule provides generally that "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(2)(A). However, the rule also more specifically provides that "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection" and "[t]he production must then

3

be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

Here, Defendant responded to Plaintiffs' First RFPs on May 31, within thirty days of service as required by Rule 34(b)(2)(A) and the court's April 11, 2016 Interim Scheduling Order, which provides that "[w]ithin 30 days of service, Defendant shall serve responses to any such written discovery requests served by the Plaintiffs," [DE-96-1] ¶ 17. *See* Def.'s Obj. & Resp. to McKiver's First RFPs [DE-115-2]. In response to certain requests, Defendant stated that it would "produce any additional documents responsive to the request currently in Murphy-Brown's possession, custody and control, as limited by the asserted objection, with these responses and then on a rolling basis such that production is fully completed within thirty days." *Id.* at 3-4 ¶ 1. This type of response is appropriate under Rule 34(b)(2)(B), and the April 11, 2016 Interim Scheduling Order contains a provision, negotiated by the parties and approved by the court, which contemplates such a response.

> With regard to document requests, the parties will meet and confer on a schedule for the full production of documents following service of the requests for production and an evaluation of their scope, in the event that the requests are believed by Defendant to entail significant time or labor, and Defendant shall initiate any such meet-and-confer process.

[DE-96-1] ¶ 18. Additionally, given the number and breadth of the RFPs, the court finds that a rolling production over an additional thirty-day period is a "reasonable time." Fed. R. Civ. P. 34(b)(2)(B). The actions taken by Defendant, as set forth in the affidavit of its lead discovery counsel, demonstrate reasonable diligence in responding to Plaintiffs' RFPs. Waylett Decl. [DE-126]. Nevertheless, this ruling should not be read to imply that such a time frame would necessarily be reasonable in responding to RFPs going forward, where it is anticipated that efficiencies will be generated by the review process put in place by Defendant in responding to the First RFPs. Plaintiffs

4

raise legitimate concerns regarding the ability to adhere to the court's scheduling order. However, the court is confident in the parties' ability to work cooperatively to complete discovery within the confines of the schedule set by the court and, therefore, finds it unnecessary to alter the notice requirement for 30(b)(6) depositions at this time. Accordingly, Plaintiffs' motion is denied.[1]

In response to Plaintiffs' motion, Defendant requests that the court enter a protective order pursuant to Rule 37(a)(5)(B) limiting the scope of Plaintiffs' RFPs and seeks an award of expenses. Def.'s Opp'n [DE-125] at 8-10. While generally a request for a court order must be made by motion, Fed. R. Civ. P. 7(b)(1), if a motion to compel is denied, "the court may issue any protective order authorized under Rule 26(c) . . . ." Fed. R. Civ. P. 37(a)(5)(B). However, under the circumstances presented here, the court finds that Defendant's request is more appropriately made by separate motion rather than in a response brief given that the parties have raised somewhat disparate issues, i.e., Plaintiffs' motion addresses the timing of the production of documents while Defendant seeks a protective order related to substantive objections to certain discovery requests. Additionally, because replies to discovery motions are not allowed under Local Civil Rules 7.1(f)(2) and 26.1(d)(3), the issues raised by Defendant have not been fully briefed. Finally, the court declines to award expenses pursuant to Rule 37(a)(5)(B) as it finds Plaintiffs' position was substantially justified given the legitimate concern regarding adherence to the court's scheduling order.

---

[1] Plaintiffs' request for a telephonic hearing is denied as unnecessary to the determination of the motion. *See* Local Civil Rule 7.1(i) ("Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions shall be determined without a hearing.").

B.  Motion to Compel the Production of Smithfield Foods, Inc. Documents Under Defendant's Control [DE-117]

Plaintiffs' First and Second RFPs sought responsive documents from Defendant's "parent and subsidiary companies." Pls.' Br., Ex. 1 [DE-118-1] at 3-4[2] (defining "you" and "your" to include parent and subsidiary companies, specifically including Murphy Brown, LLC, John Morrell & Co., Smithfield Foods, Inc., Shuanghui International Holdings Limited, Sun Merger Sub, Inc., and WH Group Limited). Defendant objected to, among other things, producing documents from Smithfield Foods, Inc. ("Smithfield"), because it would require Defendant "to provide information not in its possession, custody, or control." *Id.*, Ex. 2 [DE-118-2] at 3-4. Counsel for the parties engaged in the requisite meet-and-confer process, but were unable to resolve the issue. *Id.* [DE-122] at 1.

Plaintiffs ask the court to find that Defendant has control over documents in the possession of Smithfield and to compel production of such responsive documents. *Id.* at 1-2. Plaintiffs assert, citing corporate filings and internal documents, that Defendant and Smithfield "have had a close, interconnected relationship since 2000" and that a 2015 corporate restructuring resulted in the absorption of Defendant into Smithfield so that there is no longer a distinction between the two. *Id.* at 3-10. Defendant responds that it lacks control over and has no legal right to documents in the possession of Smithfield. Defs.' Opp'n [DE-131] at 6-7. Defendant asserts it is owned by John Morrell & Co., which is a wholly-owned subsidiary of Smithfield, making Defendant a "corporate grandchild" of Smithfield and that Defendant and Smithfield do not use the same servers. *Id.* Defendant additionally argues that the documents are available to Plaintiffs through a subpoena to

---

[2] Unless otherwise indicated, the citations reference the page number assigned by CM/ECF as opposed to the document's internal page number where, as here, they differ.

6

Smithfield (and Plaintiffs have in fact served such subpoenas) and that Plaintiffs' motion should be denied on proportionality grounds pursuant to Rule 26(b)(1). *Id.* at 5, 9-10.

Rule 34 requires the production of discoverable evidence within the possession, custody, or control of the party. Fed. R. Civ. P. 34(a). Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control or the legal right to obtain the documents on demand. *See Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000) ("[I]n order for the material to be discoverable, defendant must have some type of legal right to the material plaintiff seeks to discover."). This court has declined to adopt an "ability to obtain" test in determining control because "[w]hen information is readily attainable through a subpoena duces tecum, no compelling reason exists to expand the definition of control." *Id.* The "party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *Prodigious Ventures, Inc. v. YBE Hosp. Grp., LLC*, No. 5:14-CV-433-F, 2016 WL 1248806, at *4 (E.D.N.C. Mar. 25, 2016) (unpublished) (citations omitted).

Plaintiffs have asserted facts that could support a finding that Smithfield exercises some control over Defendant. *See* Pls.' Br. [DE-122] at 3-10 (e.g., Smithfield and Murphy-Brown have a "parent-subsidiary relationship"; Smithfield "controls every stage of pig production" through vertical integration with Murphy-Brown; Smithfield employees have corresponded with the North Carolina Department of Environment & Natural Resources on Murphy-Brown letterhead; WH Group, which owns Smithfield, implemented a corporate restructuring and Smithfield now controls the hog-production segment formerly controlled by Murphy-Brown; employees with Smithfield email addresses communicated internally about this litigation and with growers at issue in this

litigation; and Smithfield's Form 10-K lists these cases as lawsuits it is defending). The court in *Bleecker* observed that "[r]elationships which evidence a legal right of a party to obtain a document from [a] non-party include . . . a parent company from a subsidiary company." *Bleecker*, 130 F. Supp. 2d at 739. However, the dispositive question here is whether Murphy-Brown, the subsidiary, has the "legal right to obtain the documents on demand" from Smithfield, the parent (once removed), not whether Smithfield has the legal right to obtain the documents from Murphy-Brown. *Id.*; *see also Ehrlich v. BMW of N. Am., LLC*, No. CV 10-1151-ABC PJWX, 2011 WL 3489105, at *1 (C.D. Cal. May 2, 2011) (unpublished) (concluding plaintiff failed to establish defendant BMW NA had legal control over documents in related corporation BMW AG's files where "BMW NA is owned by a company that is owned by BMW AG" and "nothing about this relationship suggests that BMW NA has the power to order BMW AG to turn over documents to BMW NA"; rejecting practical-ability-to-obtain test and plaintiff's argument that BMW NA must have access to the documents based on the inherent relationship between the companies).

Moreover, Defendant provided a declaration from its Vice President of Finance and Information Technology stating, among other things, that none of the current officers or employees of Murphy-Brown are officers of Smithfield, Murphy-Brown maintains its own corporate records, Murphy-Brown and Smithfield utilize separate servers for document maintenance, and Murphy-Brown does not have access to Smithfield's servers or to the email of Smithfield employees. Lee Decl. [DE-132] ¶¶ 18-22. The court has also considered the fact that Defendant and Smithfield are represented by common outside counsel. Pls.' Br. [DE-122] at 6, n.23. This fact would carry greater weight under a practical-ability-to-obtain analysis, *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306-07 (M.D.N.C. 1998) (citing *M.L.C., Inc. v. N. Am. Philips Corp.*, 109 F.R.D. 134, 136

(S.D.N.Y. 1986)), but is less germane in determining whether Murphy-Brown has a legal right to documents on demand from Smithfield, the test adopted by this court, *Bleecker*, 130 F. Supp. 2d at 739. Finally, there is no dispute that the information sought by Plaintiffs is "readily attainable through a subpoena," *id.*, and Plaintiffs have, in fact, served a subpoena on Smithfield, Pls.' Br. [DE-122] at 10 n.43. Therefore, under the circumstances presented, the court need not "expand the definition of control." *Bleecker*, 130 F. Supp. 2d at 739. Thus, the court concludes Plaintiffs have failed to demonstrate that Defendant can require Smithfield to turn over the documents sought. Accordingly, Plaintiffs' motion is denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel Discovery of Documents and Electronically Stored Information [DE-114] and Motion to Compel the Production of Smithfield Foods, Inc. Documents Under Defendant's Control [DE-117] are DENIED.

SO ORDERED, the __1__ day of July 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

9