IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:15-CV-00013-BR

IN RE: NC SWINE FARM )
NUISANCE LITIGATION )

THIS DOCUMENT RELATES TO:
*Anderson v. Murphy-Brown LLC*, No. 7:14-cv-00183-BR
*Artis v. Murphy-Brown LLC*, No. 7:14-cv-00237-BR
*Gillis v. Murphy-Brown LLC*, No. 7:14-cv-00185-BR
*McGowan v. Murphy-Brown LLC*, No. 7:14-cv-00182-BR
*McKiver v. Murphy-Brown LLC*, No. 7:14-cv-00180-BR

## ORDER RE: SITE INSPECTIONS

This matter comes before the court on Plaintiffs' motion to compel site inspections. [DE-179]. Plaintiffs seek to inspect one site that is directly owned by Defendant (Sholar) and eight that are owned by nonparty growers (the "Growers") (Kinlaw, Greenwood 1, Greenwood 2, Paul Stanley 7, Willow Creek, Crooked Run, M&D Sow, and Joey Carter). The Growers affected by the relevant subpoenas have filed a cross-motion for a protective order limiting the scope of the site inspections. [DE-203]. Defendant has filed a response objecting to aspects of the site inspections [DE-201], and Plaintiffs have filed a response objecting to aspects of the Growers' motion [DE-208]. The court conducted a telephonic hearing on the motions on October 18, 2016, at which Plaintiffs, Defendant, and the Growers appeared through counsel. [DE-211].

Rule 34(a)(2) of the Federal Rules of Civil Procedure allows a party to serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Rule 34(c) states that "a nonparty may be compelled to . . . permit an inspection" as provided in Rule 45, which more specifically states

that a party may issue a subpoena to "permit the inspection of premises[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 37(a)(3)(B)(iv) allows a party to move to compel a site inspection. However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Thus, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (footnote omitted).

Applying these standards, the court has considered the submissions by Plaintiffs, Defendant, and the Growers and their arguments at the hearing, and for the reasons specifically stated at the hearing, Plaintiffs' motion to compel is allowed in part and denied in part, the Growers' motion is allowed in part and denied in part, with all to bear their own costs, and the requested site inspections may proceed as follows:

1. Plaintiffs, Defendant, and the Growers shall meet and confer regarding a detailed inspection protocol (the "Inspection Protocol") to effectuate the court's order.

2. Subject to the limitations herein and the Inspection Protocol, Defendant and the Growers shall provide Plaintiffs access to the following facilities: Sholar, Kinlaw, Joey Carter, Greenwood 1 & 2, M&D, Crooked Run, Willow Creek and Paul Stanley.

3. Generally, and as further detailed in this order and the Inspection Protocol, Defendant and the Growers shall permit Plaintiffs to inspect, measure, photograph, and videotape: (i) hog sheds, lift stations and pull plug areas, outdoor storage areas, equipment, waste land application areas, the perimeter, the property line, dead boxes, and fences; (ii) draining infrastructure, including, but not limited to, streams, catch basins, pipes, gutters, tile drains, ditches, swales or other water conveyances on or leading from the facilities; (iii) waste management structures, including lagoons, lift stations, and flush water conveyances; and (iv) wastewater in lagoons, sprayed or ponding on the property, and in open conveyances.

4. Plaintiffs shall limit inspection inside the hog sheds to two representatives (along with equal representatives from Defendant and the Grower representatives).

5. In the hog sheds, Plaintiffs may use a camera to take still images, record video and audio, and take air measurements, swabs (excluding any swabbing of the hogs), waste, and feed

2

samples. Plaintiffs shall not move or alter items inside the sheds in any manner that would infringe on normal farm operations.

6. Plaintiffs' inspection of buildings in addition to the hog sheds is limited to lift stations and pull plug areas.

7. Plaintiffs may take photos, video, measurements, and samples of and from the lagoons. Plaintiffs may take samples of lagoon wastewater, lagoon shore sludge, lagoon bottom sludge, and film on the lagoon surface, provided they do not disturb or otherwise harm the integrity of the lagoon structure, including the lining of the lagoon.

8. Plaintiffs shall not inspect or alter equipment that does not relate to hog production and shall not alter equipment used for hog production.

9. Plaintiffs may fly a drone over each facility. Plaintiffs shall provide in advance documentation sufficient to reflect that any drone operator is properly licensed and insured to operate the drone. The drone shall be operated such that representatives of all parties can see where the drone is from the ground during its flight. All footage shall be shared. The drone shall remain located over the physical boundaries of the site during its flight.

10. The following sites use flush tanks: Kinlaw, Crooked Run Farm, Greenwood 1, Greenwood 2, M&D Sow, Sholar and buildings 6 and 7 at Joey Carter. Buildings 1-5 at Joey Carter use a pit recharge system. Willow Creek and Paul Stanley 7 are inactive. At the sites that use flush tanks, Plaintiffs may take samples of the water in the flush tanks. At the pit recharge system at Paul Stanley, Plaintiffs may take samples of the recharge water if it is readily accessible.

11. Plaintiffs may conduct sampling of standing water, ponding, or water in ditches. With regard to any land application fields, Plaintiffs are authorized to take photos, video, samples of surface water, inspect any equipment or devices used for land application, sample runoff, waterway and drainage structures that transect the confinement, and any tile drainage system effluents.

12. Plaintiffs may take air samples or measurements. They may bring a portable wind monitor and measure wind speed or direction. They may bring equipment to obtain air samples proximate to the tunnel ventilation fans. They may bring portable monitors for gases in the air and take air samples and measurements.

13. The Willow Creek and Paul Stanley 7 site are vacant. Accordingly, upon sufficient notice to Defendants and the Growers, Plaintiffs may conduct their site visit to these sites later on the same day after another site visit because of reduced biosecurity concern.

14. Plaintiffs may take samples of the flies, i.e., seek to catch some, for example around the lagoons and along the tree lines.

3

15. Plaintiffs may inspect, including taking photos, video, and swabbing, any dead boxes. Furthermore, if a dead truck, live truck, or feed truck comes onto the grounds while they are inspecting, Plaintiffs shall be allowed to photo and videotape the truck and take swabs from truck surfaces.

16. Defendant or the Grower representatives will notify Plaintiffs no later than one week before the site visit, as to whether the site is using any microbial additives or other chemicals, additives or products with the purpose or effect in whole or part of reducing odor in any aspect of hog operations, as further delineated in the Inspection Protocol. If any such products are being used, Plaintiffs shall have the right to view and inspect the products and any equipment used to dispense them and take photos and video at the time of the visit.

17. No later than seven days before a site inspection, the parties shall identify by name and position the specific contingent of people who will be going to the facilities in order to conduct the inspections, pursuant to the Inspection Protocol, providing more detail consistent with this order. Plaintiffs and Defendants shall each bring no more than eight people on any visit. Visits shall begin no earlier than 9:00 a.m. and end no later than 6:00 p.m. Plaintiffs may stay on the site for no more than 8 hours.

18. One or more Defendant and the Growers' representatives shall be allowed to accompany Plaintiffs' representatives during the site visit at all times. The parties will work together reasonably to accommodate such things as bathroom breaks. Plaintiffs' team members may step off the site property to confer privately, or may do so on the site property so long as they stay within view of other party representatives. Defendant and the Growers have the right to photograph or videotape the activities of Plaintiffs' team on the site.

19. Plaintiffs shall not make unreasonable demands on Grower staff during the site inspections. Plaintiffs may ask for reasonable assistance from Defendant's employees and representatives.

20. All parties will share all raw unedited photos, videos, audio, or drone footage.

21. Normal operations at each site may continue during the visit. The parties will cooperate during the site visit to accommodate and not to interfere with normal site operations.

22. Plaintiffs' team members are not authorized to interview any employees or others who may be on the site. To the extent any communications are needed with site personnel during the visit for informational or logistical reasons, these shall occur in the presence of representatives of Defendant and the Grower or with their permission.

23. The parties shall identify mutually agreed to dates and times to conduct the inspections. If a scheduled site visit has to be cancelled in whole or part due to bad weather, the parties will cooperate to promptly reschedule the visit.

24. With regard to any sampling, the parties agree to "split" and/or "parallel" sampling.

25. As agreed to by the parties, Plaintiffs shall enter an agreement with the Defendant and the Growers pursuant to which Plaintiffs agree to indemnify and hold harmless the Defendant or the Growers, as appropriate, from all loss incurred by Defendant or the Growers as a result of any action taken in connection with the Plaintiffs' entry on the facility grounds and any inspections.

26. Plaintiffs will comply with reasonable biosecurity procedures. The biosecurity procedures shall be provided to Plaintiffs no later than seven days before any scheduled site visit.

27. These terms of protection are subject to modification if all counsel consent at the time of any site inspection.

SO ORDERED, this the __19__ day of October, 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge