IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Master Case No. 5:15-CV-13-BR

IN RE: NC SWINE FARM )
NUISANCE LITIGATION ) ORDER

THIS DOCUMENT RELATES TO:
ALL CASES

This matter comes before the Court on Defendant Murphy-Brown LLC's Motion to Seal [DE-134]. Plaintiffs have responded [DE-156] in opposition to the motion and all further responsive briefing is complete [DE-164]. For the reasons set forth below the motion is denied without prejudice.

## I. BACKGROUND

On May 21, 2015, this court entered the parties' consent protective order governing the exchange of confidential information during discovery. [DE-27]. The court also entered an order to further detail the parties' obligations in filing confidential materials under seal. [DE-28]. In its production of documents during discovery Defendants designated as confidential documents stamped MB 100103000032, MB 100103000033, MB 100103000034, MB 100103000014, MB 100103000022 and MB 100103000061, MB 100103000062, MB 100103000063 and MB 100103000064 ("Subject Documents"). *See* [DE-135-1] at 1, 3, 6.

On June 9, 2016, Plaintiffs filed a motion to compel. [DE-117]. Specifically, Plaintiffs moved the court to compel Defendant to produce documents that belong to non-party Smithfield Foods, Inc. ("Smithfield") that were in Defendant's possession, custody or control. *Id.* Plaintiffs


included the Subject Documents as a sealed exhibit to their brief in support of their motion. Ex. 13 [DE-118-13]. In their brief, Plaintiffs referred to the documents in support of their argument that the exchange of the documents contained in Exhibit 13 between Defendant and non-party Smithfield demonstrates sufficient control to support an order directing Defendant produce the requested documents, and Plaintiffs redacted the portion of their brief which discusses Exhibit 13. [DE-118] at 9. The court denied the motion to compel. [DE-149].

Defendant now moves to seal the Subject Documents and to maintain under redaction that portion of Plaintiffs' brief discussing the exhibit.

## II. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).

The Subject Documents are judicial records because Plaintiffs submitted these materials in support of their motion to compel and the court considered them in ruling on the motion, thus they

2

played a role in the adjudicative process. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citations omitted); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Furthermore, because the Subject Documents are related to a discovery motion and the discovery process is not typically open to the public, they are not subject to the First Amendment right to access. *See 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016) (applying the "experience and logic" test, which considers whether the proceeding before the court is of the type traditionally open to the public and whether the proceeding benefits from public access, in determining when the First Amendment right to access applies).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

3

Finally, prior to sealing a judicial record the court must (1) give the public notice of the request to seal and a reasonable opportunity to challenge it; (2) consider less drastic alternatives to sealing; and (3) "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Pub. Co.*, 743 F.2d at 235 (citation omitted).

The court has reviewed the Subject Documents and is unable to determine Defendant has sufficiently shown any significant interest that outweighs the presumption of access. Defendant argues that all of the documents contain commercially sensitive information and data about funding and budgets for the activities of a third-party, as well as Defendant's strategic plan for promotion of its business. It is difficult for the court to make this conclusion. The documents purportedly belong to a third- party, appear unauthored by Defendant, and Defendant does not appear to be included in the correspondence included in the Subject Documents or to be mentioned in the documents at all. This absence raises questions as to the basis on which Defendant has made its claims as to the nature of the documents. To that end, Defendant has provided the court only with briefing statements, which fail to provide a clear explanation as to the nature of the documents and reasons they should remain sealed. *See Erichson v. RBC Capital Mkts., LLC*, 883 F. Supp. 2d 562, 574 (E.D.N.C. 2012) (nothing more than a generalized description of documents as containing "confidential commercial information" fails to provide sufficient basis to overcome common law presumption of access) (citing *Nixon*, 435 U.S. at 597); *see also Cochran v. Volvo Grp. North America, LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013) (holding that counsel's briefing statements are not evidence, and while the parties' stipulation or representation that the documents contain confidential business information may be considered as some evidence, such representations must be weighed against

4

competing interests) (citations omitted); *Bayer CropScience, Inc. v. Syngenta Crop Protection, LLC*, No. 1:13-CV-316, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013) (unpublished) (statements in a brief insufficient to justify motion to seal in the absence of a stipulation or joint representation detailing confidential nature of information).

Finally, the moving party must offer a factual basis on which the court could make specific findings to justify sealing and show that alternatives would not be sufficient. *Erichson*, 853 F. Supp. 2d at 574 (citing *In re Knight*, 743 F.2d at 235). Here, to support its argument that there are no such alternatives, Defendant simply offers that courts have found no alternatives where the material to be sealed contains sensitive business information. [DE-135] at 5 (citing *SAS Institute, Inc. v. World Programming Limited*, No. 5:10-CV-25-FL, 2016 U.S. Dist. LEXIS 61066 (E.D.N.C. May 9, 2016) (unpublished)). The court finds the instant case distinguishable from those where the confidential, proprietary or commercially sensitive nature of the documents is readily apparent from the materials provided to the court. *See SAS Institute, Inc.*, 2016 U.S. Dist. LEXIS 61066, at *2-3 (allowing consent motion to seal exhibits in support of a motion for attorney's fees containing privileged attorney invoices, time entries). Defendant's assertion offers no factual basis on which the court may make the requisite findings, and is especially tenuous given the uncertain nature of the documents and the basis on which Defendant may attest to that nature. Accordingly, the motion is denied without prejudice. However, the documents shall remain sealed for 14 days from the date of this order to allow Defendant to refile its motion with additional evidentiary support to address the deficiencies outlined in this order. In the event Defendant timely refiles the motion to seal, the Subject Documents shall remain sealed until the court rules on the motion. If a motion to seal is not timely refiled, the clerk shall unseal the Subject Documents and unredacted brief without further

order.

SO ORDERED, the 14th day of February 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

6