IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Master Case No. 5:15-CV-13-BR

IN RE: NC SWINE FARM )
NUISANCE LITIGATION ) ORDER
)
)
)

THIS DOCUMENT RELATES TO:
*Anderson v. Murphy-Brown, LLC*, No. 7:14-CV-00183-BR
*Artis v. Murphy-Brown, LLC*, No. 7:14-CV-00237-BR
*Gillis v. Murphy-Brown, LLC*, No. 7:14-CV-00185-BR
*McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-00182-BR
*McKiver v. Murphy-Brown, LLC*, No. 7:14-CV-00180-BR

This matter comes before the court on Plaintiffs' Motion to Seal. [DE-248]. Plaintiffs seek to maintain under seal the declaration of Mona Lisa Wallace and certain accompanying exhibits, specifically Attachments 1, 3 through 6, 8, and 11 [DE-247], because they contain personal medical information. Defendant filed a response indicating it has no objection to the motion. [DE-255]. For the reasons set forth below, the motion is allowed.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been

extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).

The documents at issue here are judicial records where Plaintiffs submitted these materials in support of their opposition to Defendant's motion to clarify or amend the scheduling order regarding discovery of medical claims, and thus the documents play a role in the adjudicative process. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citations omitted); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Furthermore, the documents are not subject to the First Amendment right to access, because they are related to a dispute over the scope of discovery and the discovery process is not typically open to the public. *See 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016) (applying the "experience and logic" test, which considers whether the proceeding before the court is of the type traditionally open to the public and whether the proceeding benefits from public access, in determining when the First Amendment right to access applies).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily

outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Finally, prior to sealing a judicial record the court must (1) give the public notice of the request to seal and a reasonable opportunity to challenge it; (2) consider less drastic alternatives to sealing; and (3) "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Pub. Co.*, 743 F.2d at 235 (citation omitted).

The court has reviewed the documents and finds that Plaintiffs' privacy interest in their medical records is a significant interest that outweighs the presumption of access. *See Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) (unpublished) ("If the request is narrowly tailored, sensitive medical information may be sealed."), *aff'd*, 584 F. App'x 42 (4th Cir. 2014). Furthermore, the motion to seal was publicly filed with sufficient time for objections and none were lodged, and less drastic alternatives to sealing, such as redaction, are impracticable where the medical information predominates the documents, with the exception of the Wallace declaration of which a redacted version is publicly available [DE-246-1]. Finally,

Defendant does not oppose the motion.[1] Accordingly, the motion to seal is allowed and the clerk shall maintain under seal the declaration of Mona Lisa Wallace and certain accompanying exhibits, specifically Attachments 1, 3 through 6, 8, and 11 [DE-247].

SO ORDERED, the _14_ day of April 2017.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] The court notes the May 21, 2015 order regarding the filing of sealed material, which memorializes the requirement that a motion to seal state whether there is consent. [DE-28]. Plaintiffs' statement that the parties did not meet and confer regarding the confidentiality of these documents and that, as a result, Plaintiffs did not know whether Defendant consented to the motion to seal fails to comply with this requirement. [DE-248] at 3 ¶ 8. Additionally, Plaintiffs' proposed order to seal [DE-248-1] fails to set forth the requisite findings, which are also memorialized in the court's May 21, 2015 order and the Electronic Case Filing Policies and Procedures Manual.