IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM            )
NUISANCE LITIGATION             )
_____ )

THIS DOCUMENT RELATES TO:
*McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR
*McGowan v. Murphy-Brown LLC*, No. 7:14-CV-182-BR
*Anderson v. Murphy-Brown LLC*, No. 7:14-CV-183-BR
*Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR

## ORDER

This matter is before the court on defendant Murphy-Brown LLC's ("defendant") motion for judgment on the pleadings, (DE # 168), and related motions to seal, (DE ## 171, 212). The motions have been fully briefed and are ripe for disposition.

## I. BACKGROUND

The twenty-six cases comprising this litigation concern swine farm operations in eastern North Carolina. In each case, plaintiffs, individuals who live in close proximity to specified farms, seek to recover monetary damages for nuisance and negligence. Defendant owns all the swine on the farms. To date, more detailed discovery has been conducted in five "Discovery Pool Cases," of which the four above-captioned cases are part. With regard to the four cases at issue here, defendant does not own the farms themselves. Rather, defendant contracts with the landowners, who are not named as parties in the cases, to raise its swine. According to plaintiffs, as a result of the swine farm operations, they have been exposed to, among other things, offensive odors, swarms of flies and other insects, dead swine, and large trucks carrying swine back and forth on the roads near their homes, on a recurring basis. Plaintiffs allege that defendant has been directly involved in the operations of the swine farms and has exercised

detailed control over those operations such that defendant is responsible for the nuisance. They further allege that defendant was negligent in its ownership, maintenance, and control of its swine.

Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on the failure to join the landowners as necessary and indispensable parties. It also moves to seal documents that it and plaintiffs submitted in support of their respective positions on the motion for judgment on the pleadings. Plaintiffs oppose defendant's motions.

## II. DISCUSSION

### A. Motions to Seal

Public access to documents filed with the court arises from two sources: the First Amendment and the common law. United States v. Appelbaum, 707 F.3d 283, 290 (4th Cir. 2013). "For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" Id. (citation omitted). "Judicial records" include not only orders filed by the court but also documents filed with the court that "play a role in the adjudicative process . . . ." Id. However, "the mere filing of a document with the court does not render the document judicial." In re Policy Mgmt. Sys. Corp., Nos. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). With these principles in mind, the court proceeds to consider whether the documents at issue play a role in the adjudicative process.

In its initial motion to seal, defendant requests that its Exhibit 4, filed with its memorandum in support of the motion for judgment on the pleadings, be filed under seal. That exhibit consists of the contracts between defendant and the landowners of the farms at issue. Defendant cites to the contracts in support of the following statements in its memorandum:

> Pursuant to these contracts, the landowners are responsible for growing Murphy-Brown's swine and operating and maintaining the facilities at which the swine are grown. This includes an obligation to ensure that the farms comply with existing laws and to control any odors emanating from the farms. The landowners are entitled to monetary compensation in return.

(Def.'s Mem. Supp. Mot. J. Pleadings, DE # 169, at 11 (citing Def.'s Ex. 4, DE # 170, at 3-4, 4, 19-21).)

In response to defendant's motion for judgment on the pleadings, plaintiffs provisionally filed under seal an unredacted version of their memorandum and Exhibits 4-8 thereto. They contemporaneously filed a public version of the memorandum, redacting those portions that quote from or identify information in defendant's Exhibit 4 and plaintiffs' Exhibits 4-8. Defendant then filed its second motion to seal. It requests that the following documents contained in plaintiffs' exhibits be filed under seal: (1) defendant's Off-Site Finisher Manual (the entirety of Exhibits 4-6); (2) portions of defendant's contracts with the landowners (within Exhibit 8); (3) correspondence between defendant and the landowners (within Exhibit 8); and, (4) defendant's site visit checklists generated from audit of the landowners' farms (within Exhibit 8).[1] Plaintiff relies on these documents to support its allegation that defendant exercises significant control over the swine operations at issue and is therefore primarily responsible and liable for the nuisance and resulting harm to plaintiffs.

While the court is not precluded from considering any document outside the pleadings in resolving a Rule 12(c) motion, see Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) ("A court may . . . consider a written instrument attached as an exhibit to a pleading as well as [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (citations and internal quotation marks omitted) (alteration in original)), the court

---

[1] Defendant does not contend that plaintiffs' unredacted response memorandum, Exhibit 7, or the entirety of Exhibit 8 should be filed under seal.

concludes that the documents defendant seeks to have filed under seal are not necessary to the court's analysis. The bulk of the documents at issue are defendant's contracts (or portions thereof) with the landowners, including the Off-Site Finisher Manual, which, according to plaintiffs, is incorporated in the contracts. As evidenced by the pleadings, it is uncontroverted that defendant contracted with the landowners to grow defendant's swine at the landowners' facilities and that defendant paid the landowners for that service. Also, at least for purposes of the motion for judgment on the pleadings, plaintiffs do not dispute that, under the terms of the contracts, the landowners are obligated to comply with all laws and control odors from their farms. Furthermore, defendant acknowledges, "the Contracts are only minimally relevant at this point in the litigation." (Def.'s Reply Mot. Seal, DE # 221, at 7.)

As for those other documents plaintiffs filed which defendant wants filed under seal, the court concludes they too are unnecessary for the court to resolve the motion for judgment on the pleadings. Plaintiffs allege in their second amended complaints the extent to which defendant purportedly controls the swine operations. The court does not need to review the evidence in support of those allegations to evaluate whether the landowners are necessary and indispensable parties to these cases.

Because the documents which are the subject of defendant's motions to seal are not necessary to the court's analysis of the motion for judgment on the pleadings and the court will not consider them, the documents are not subject to a right of public access and shall remain under seal.[2] See In re Policy Mgmt. Sys. Corp., 1995 WL 541623, at *4-5 (reversing the district

---

[2] To the extent the "good cause" standard applies, which the parties contend applies if the court does not consider a particular document, defendant has satisfied that standard. (See 5/12/17 Order, DE # 376, at 5-7 (J. Jones) (evaluating under the common law defendant's motion to seal portions of the same or similar documents plaintiffs filed in support of their response to a joint motion for protective order and to modify subpoenas and granting motion to seal, with the exception of one document).)

4

court's order unsealing documents filed in connection with a motion to dismiss but excluded from consideration and recognizing "the documents in this case did not play *any* role in the district court's adjudication of the motion to dismiss"). The court will direct the Clerk to unseal plaintiffs' unredacted response memorandum, (DE # 188), and plaintiffs' Exhibit 7, (DE # 188-4), neither of which defendant seeks to have filed under seal. Because the CM/ECF system does not permit the Clerk to unseal portions of an attachment to a docket entry, the court will order plaintiffs to refile those portions of Exhibit 8 which defendant does not seek to have filed under seal; plaintiffs' attention is directed to the chart attached to defendant's memorandum supporting its second motion to seal, (Ex. 1, DE # 213-1).

B. **Motion for Judgment on the Pleadings**

1. *Timeliness*

Plaintiffs initially contend that the court should reject defendant's motion for judgment on the pleadings as untimely. According to plaintiffs, defendant should have filed its motion within 30 days of the filing of the last of the amended complaints, which is the court-ordered deadline for filing Rule 12 motions. With plaintiffs having filed the last amended complaints on 31 July 2015, and defendant having filed its motion over a year later, on 19 September 2016, plaintiffs argue defendant's motion comes too late. Defendant counters that the court-ordered deadline was restricted to pre-answer Rule 12 motions, which a motion for judgment on the pleadings under Rule 12(c) is not. To resolve the issue, the court looks first to the relevant provisions of the scheduling orders entered in the master case and then to Rule 12(c) itself.

The initial case management order provides that "Defendant shall file any Rule 12 motions, including motions to dismiss or strike, or other motions, in response to Plaintiffs' amended complaints within **30 days** of the last of the amended complaints." (1/9/15 Order, DE #

5

1, at 3.) That order also required defendant to file its answers to the complaints or amended complaints within 30 days after the court ruled upon any Rule 12 motion. (Id.) An interim case management order set forth the parameters of preliminary discovery, including discovery regarding "necessary and indispensable parties." (5/21/15 Order, DE # 26, at 3.) "Initial motions relat[ing] to the preliminary issues" were required to be filed by 16 February 2016. (Id.) On the parties' motion, the court subsequently extended that deadline to 30 March 2016. (2/11/16 Order, DE # 85.) On the parties' representation that their "agreement obviates the need for preliminary motions at this time," (Joint Status Report, DE # 93, at 1), the court suspended the preliminary motions deadline of 30 March 2016 until further order, (3/31/16 Order, DE # 94). The court did not later reset the preliminary motions deadline, although it did set a deadline of 14 April 2017 for all dispositive motions, (10/19/16 Order, DE # 215, at 3).

The court agrees with defendant that the initial case management order (in conjunction with the interim case management order) contemplated that a motion for judgment on the pleadings, particularly one based on necessary and indispensable parties, would be filed at some time after defendant filed its answers. Although the court suspended the deadline for filing preliminary motions, including one based on necessary and indispensable parties, because the parties had agreed at the time preliminary motions were unnecessary, the court rejects plaintiffs' suggestion that defendant has therefore "foregone" its ability to file a motion regarding necessary and indispensable parties, (Pls.' Resp. Mot. J. Pleadings, DE # 188, at 5 n.9). A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Defendant filed its motion for judgment on the pleadings well before the deadline for filing dispositive motions, and there is no issue over delaying trial, given

trials have not been scheduled. As such, defendant's motion for judgment on the pleadings is timely.

### 2. *Joinder*

"A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (internal quotations marks and citation omitted) (alteration removed). In evaluating such a motion, the court is "required to accept all well-pleaded allegations of [the] complaint as true and draw all reasonable factual inferences in [the plaintiff's] favor." Id. (citation omitted). "Nevertheless, [the court is] not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Id. (citation omitted).

Rule 19 sets forth a two-step inquiry for evaluating the joinder of parties. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). First, the court must consider whether a non-party is "required," i.e., "necessary" to the action, because of its relationship to the matter under consideration. Fed. R. Civ. P. 19(a)(1) ("required"); Owens-Illinois, 186 F.3d at 440 ("necessary"). A party is necessary under Rule 19 if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). If the person is not a required party,

however, the inquiry ends. Mainstream Constr. Grp., Inc. v. Dollar Props., LLC, No. 7:09-CV-00148-BR, 2010 WL 2039671, at *2 (E.D.N.C. May 20, 2010).

Second, if a required non-party cannot be joined because, for example, its presence would destroy the court's diversity jurisdiction, the court must determine under Rule 19(b) whether, in equity and good conscience, the proceeding should continue in its absence. In other words, the court must determine whether the non-party is "indispensable." Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

"Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Owens-Illinois, 186 F.3d at 441. "Such a decision 'must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" Id.

Defendant has the burden of proof to show that the landowners are "'needed for a just adjudication.'" Wood, 429 F.3d at 92 (citation omitted). The primary thrust of defendant's argument rests on the purported prejudice that the landowners would suffer if a nuisance is found in these cases in their absence. According to defendant, a finding of nuisance would (1) interfere with the landowners' fundamental property rights, including their state-issued permits for lagoon use, (2) subject the landowners to a significant risk of future liability, and (3) result in the landowners being in breach of their contracts with defendant. At bottom, however, the likelihood of such harm is slight and/or speculative, and failing to join the landowners as parties would not impair or impede their ability to protect their interests relating to the swine farm operations.

8

Defendant first urges the court to consider how the finding of a nuisance in these cases would interfere with the landowners' rights to use and improve their properties as they see fit. A finding of a nuisance does not necessarily mean the landowners can no longer raise swine on their properties or make their relevant permits worthless. Plaintiffs seek to hold defendant—and only defendant—monetarily liable for a nuisance. They do not request injunctive relief. If there is a finding of nuisance, it is defendant who will have to decide whether to conform its actions accordingly. Although the finding of a nuisance may have some impact on the landowners' operations, it is defendant who would allegedly control the extent of that impact. In order words, the landowners' presence in these cases is not necessary to protect their property rights, given the alleged level of defendant's control over the swine operations.

As for the landowners' future liability based on a finding of nuisance in this action, the landowners' absence from this action would not significantly increase their prospects of liability. Under North Carolina law, for the plaintiff to successfully invoke the doctrine of collateral estoppel, the defendant, or a party with whom it is or was in privity,³ must have been a party to the prior action. North Carolina v. Summers, 528 S.E.2d 17, 20 (N.C. 2000). Therefore, if the landowners are not parties to these cases and a nuisance is found, the landowners would not be precluded from litigating the issue of nuisance in a subsequent action plaintiffs might bring

---

³ Regarding privity of parties, the North Carolina Supreme Court has explained:
> Except in cases where the parties in each claim are identical, the meaning of "privity" for the purpose of collateral estoppel is "somewhat elusive . . . [and] '[t]here is no definition of the word "privity" which can be applied in all cases.'" "In general, 'privity involves a person so identified in interest with another that he represents the same legal right'" previously represented at trial. "Whether or not a person was a party to a prior suit 'must be determined as a matter of substance and not of mere form.'" "'The courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest.'"

Summers, 528 S.E.2d at 20-21 (citations omitted) (alterations and omission in original). Given the nature of this inquiry, the court would be forced to speculate what a court in future litigation between the landowners and plaintiffs might conclude about whether the landowners are in privity with defendant.

against them.  Furthermore, the court disagrees with defendant's argument that "[at] the very least, a future court might find an adverse ruling against [defendant] in these cases to be persuasive precedent in a subsequent action against the landowners . . . ."  (Def.'s Mem. Supp. Mot. J. Pleadings, DE # 169, at 9-10 (citing Thimbler, Inc. v. Unique Solutions Design USA, Ltd., No. 5:12-CV-695-BR, 2014 WL 1663418, at *4 (E.D.N.C. Apr. 25, 2014).)  If defendant were a subsidiary corporation and the landowner was its parent corporation, this argument might have some force.  Cf. Thimbler, Inc., 2014 WL 1663418, at *4.

Defendant also points to the landowners' increased risk of liability for punitive damages in future actions, should a nuisance be found in these cases.  While a judge might deem evidence of a prior adverse judgment on the nuisance claim relevant, plaintiffs would still face the significant hurdle of proving by clear and convincing evidence that an officer, manager, or director of the landowner participated in or condoned willful or wanton conduct.[4]  See N.C. Gen. Stat. § 1D-15(a)-(c).  The landowners might be at a slightly higher risk for liability in the future, but such liability is far from a forgone conclusion.

Lastly, defendant cites the impairment of the landowners' rights under their contracts with defendant.  Specifically, defendant contends that if a nuisance is found in these cases, the landowners will be in breach of their contracts.  However, otherwise lawful business operations can support a nuisance.  See Page v. Roscoe, LLC, 497 S.E.2d 422, 427 (N.C. Ct. App. 1998) ("In view of the rule in [Hooks v. Int'l Speedways, Inc., 140 S.E.2d 387 (N.C. 1965)], the trial court's conclusion that 'a lawful business can only constitute a private nuisance per accidens if it is operated in an unlawful manner . . .' is erroneous.").  More importantly, the validity of the contracts between the landowners and defendant are not at issue in these cases, and as such, the

---

[4] The majority of the farms at issue are owned by limited liability corporations.  (See Def.'s Ex. 3, DE # 169-3.)

10

landowners' ability to protect any of their interests under those contracts will not be impaired if these cases proceed in their absence.

The court has also considered defendant's additional arguments, including the purported prejudice to it if the landowners are not joined. In short, the landowners are not required for just adjudication of these cases.

### III. CONCLUSION

For the foregoing reasons,

1. Defendant's motion for judgment on the pleadings, (DE # 168), is DENIED;

2. Defendant's motions to seal, (DE ## 171, 212), are GRANTED;

3. The Clerk is DIRECTED to unseal plaintiffs' unredacted response memorandum, (DE # 188), and plaintiffs' Exhibit 7, (DE # 188-4);

4. Plaintiffs are ORDERED to refile in one document, publicly available, those pages of Exhibit 8, (DE # 188-5), which defendant does not seek to have filed under seal, linking the document back to the original filing (i.e., DE # 188); and

5. The Clerk is DIRECTED to annotate the original docket entry to cross-reference the publicly available document.

This 25 May 2017.

_____
W. Earl Britt
Senior U.S. District Judge