IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Master Case No. 5:15-CV-13-BR

IN RE: NC SWINE FARM
NUISANCE LITIGATION

ORDER

THIS DOCUMENT RELATES TO:
*Anderson v. Murphy-Brown, LLC*, No. 7:14-CV-00183-BR
*Artis v. Murphy-Brown, LLC*, No. 7:14-CV-00237-BR
*Gillis v. Murphy-Brown, LLC*, No. 7:14-CV-00185-BR
*McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-00182-BR
*McKiver v. Murphy-Brown, LLC*, No. 7:14-CV-00180-BR

This matter comes before the court on Plaintiffs' motion to compel production of unredacted documents or for *in camera* review. [DE-256]. Defendant responded in opposition to the motion [DE-263], and the issues raised are ripe for determination. For the reasons set forth below, the motion is denied.

## I. STANDARD OF REVIEW

The criteria for establishing a claim of privilege is well established:

A party asserting privilege has the burden of demonstrating its applicability. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982) (per curiam). In claiming the attorney-client privilege, a party must satisfy procedural and substantive criteria. Procedurally, the party must "expressly make the claim" and "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(a)(5)(A). Substantively, a party must show that:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client

(b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Jones*, 696 F.2d at 1072 (quoting *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)). And in claiming the work-product privilege, the party must demonstrate that the documents in question were created "in preparation for litigation." *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994) (citing *Hickman v. Taylor*, 329 U.S. 495, 509-14, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). When a party relies on a privilege log to assert these privileges, the log must "as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

*N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir. 2011). "[A]n opposing party can justify in camera inspection of the documents by advancing 'a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged.'" *Id.* at 502 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992) and citing *G.D. v. Monarch Plastic Surgery*, 239 F.R.D. 641, 650 (D. Kan. 2007) (requiring a "cogent basis" to justify in camera review)); *see also Glaxo, Inc. v. Novopharm Ltd.*, 148 F.R.D. 535, 540 (E.D.N.C. 1993) ("If this court were to review each and every document withheld as privileged in litigation . . . for no reason other than counsel's distrust of his adversary, this courthouse could hardly function.") (quoting *Standard Chartered Bank, PLC v. Ayala Int'l Holdings, Inc.*, 111 F.R.D. 76, 86 (S.D.N.Y. 1986)).

## II. DISCUSSION

Plaintiffs seek to compel production or alternatively *in camera* review of unredacted copies of various documents that Defendant has produced in redacted form based on the assertion of attorney-client or work-product privilege. Pls.' Mot. [DE-256]. Specifically, Plaintiffs take issue

with documents listed on Defendant's December 18, 2015 privilege log and September 28, 2016 supplemental privilege log and challenge the privilege designation of certain representative documents (MB100102000120–22, MB100103000110–11, MB100103000484–86, M00106050513–25, M00201111067–70, S001022200106–29, S00107020093–95, S00113130076, S00113241325–26, S00113250666–67) (the "documents"). *Id.* Defendant responds that the documents represent communications seeking legal advice from counsel or were made for the purpose of litigation and are narrowly redacted to protect only the privileged information. Def.'s Resp. [DE-263] at 4-10. The parties engaged in discussions in an attempt to resolve the dispute but were unsuccessful. As explained in detail below, Defendant has carried its burden to demonstrate the redacted information is privileged, and Plaintiffs have failed to provide a sufficient factual basis to warrant *in camera* review.

### A. Document MB100102000120–22

This document consists of three pages and includes a two-email chain: one email was sent on September 12, 2013 at 3:13 p.m. from Mike Williams (a professor at N.C. State University) to Don Butler (a Murphy-Brown executive) is titled "CWMTF final report,"[1] and includes an attached final report to be made publicly available the following week; and the other email was sent the same day at 8:54 p.m. by Don Butler and forwarded the first email to eight recipients, including David Evans (Murphy-Brown outside counsel) and Stewart Leeth (Smithfield in-house counsel), Waylett Decl. [DE-264] ¶ 8, with the content redacted as privileged. [DE-258] at 2-4. According to the December 18, 2015 privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among outside counsel, in-house counsel, and employees

---

[1] "CWMTF" is an abbreviation for Clean Water Management Trust Fund. Pls.' Mot. [DE-256] at 2 n.2.

3

regarding animal waste treatment technology contains information provided to outside counsel and in-house counsel for the purpose of rendering a legal opinion." [DE-256-1] at 3. Plaintiffs suggest that because the underlying email discussion was between non-attorneys "it would not seem this information was used to obtain legal advice" and "[i]nformation regarding communications with [Williams] should not be privileged." Pls.' Mot. [DE-256] at 2.

Defendant is not asserting privilege with respect to the communication between Butler and Williams, and there is nothing suspect about the proposition that Defendant sought to obtain legal advice regarding the report, regardless of its non-confidential nature. As explained by another court considering the issue,

> an attorney-client privilege is not "lost by the mere fact that the information communicated is otherwise available to the public," because "[t]he privilege attaches not to the information but to the communication of the information." *United States v. Cunningham*, 672 F.2d 1064, 1073, n.8 (2d Cir. 1982). For this reason, any public document that a client sends a lawyer might be subject to a claim of privilege if disclosure would reveal that it was communicated in confidence to an attorney in connection with the seeking or receipt of legal advice. Imagine, for example, that a company executive sent the company's counsel a news article about alleged bid-rigging activities within the company's industry; if the executive did so for the confidential purpose of seeking advice about the company's legal obligations or liability exposure, *the fact that the news article is a quintessentially public document would not defeat a claim of privilege.*

*Gen. Elec. Co. v. United States*, No. 3:14-CV-00190 (JAM), 2015 WL 5443479, at *2 (D. Conn. Sept. 15, 2015) (emphasis added). Similarly here, the privileged nature of the communication between Defendant's employee and its counsel seeking legal advice is not defeated by the publicly-available nature of the underlying report. The basis for the asserted privilege is evident on the face of the document coupled with Defendant's privilege log, which is sufficiently detailed to establish the privilege, and Plaintiffs have failed to articulate a reasonable basis to challenge it. *See Hepburn*

4

*v. Workplace Benefits, LLC*, No. 5:13-CV-00441-BO, 2014 WL 12623294, at *6 (E.D.N.C. Apr. 18, 2014) (sustaining privilege claim where it was "plain from the descriptions of the documents that the communications at issue were created for the purpose of either receiving or acting upon legal advice" and the opponent offered only speculation that the purpose was otherwise). Accordingly, the court finds the redacted portions of the document are protected by attorney-client privilege and *in camera* review is unnecessary.

**B.      Document MB100103000110-11**

This document consists of a two-page email chain with redacted information contained in email exchanges between Stewart Leeth (in-house counsel and an executive at Smithfield), Keira Lombardo (an executive at Smithfield), and other employees and consultants. [DE-258] at 5-6; Waylett Decl. [DE-264] ¶ 12. According to the December 18, 2015 privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among in-house counsel, consultants and employees regarding renewable energy requests in-house counsel's legal opinion." [DE-256-1] at 4. Plaintiffs suggest that simply having an attorney on the email string is not sufficient to automatically trigger privilege, Leeth is also an executive with non-legal duties, and nothing on the face of the email concerns legal opinions. Pls.' Mot. [DE-256] at 2.

While Plaintiffs are correct that an attorney's inclusion on a communication does not necessarily confer privilege, the privilege log sufficiently demonstrates that Leeth was included on the email for the purpose of providing a legal opinion. *See Interbake Foods, LLC*, 637 F.3d at 502; *Hepburn*, 2014 WL 12623294, at *4 ("[T]he fact that a corporate attorney is copied on an email, rather than appearing as a direct recipient, is not fatal to a claim of privilege," and "[t]he ultimate question is . . . whether the substance of the communication involves receiving or acting upon legal

advice, or otherwise providing information necessary to securing legal advice.") (citations omitted). Further, Defendant appropriately identified the basis for privilege on the log and was not required to reveal the substance of the privileged communication. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring a party to "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). Accordingly, Defendant has met its burden of demonstrating the redacted portions of the document are protected by attorney-client privilege, and Plaintiffs have failed to provide a sufficient factual basis to justify *in camera* review.

## C.     Document MB100103000484–86

This document consists of a two-page email chain (the third page is blank) with redacted information contained in email exchanges between Jeffrey Britt (a consultant retained by Murphy-Brown to work on, among other things, this litigation) and Kraig Westerbeek (a Murphy-Brown executive). [DE-258] at 7-8; Waylett Decl. [DE-264] ¶ 16. The initial email containing a draft script and talking points for a rally, which is not redacted but is marked confidential, was sent from Gary Pierce (a consultant) to Westerbeek, Britt, Leeth (in-house counsel), and other employees and consultants. *Id.* at 8. According to the December 18, 2015 privilege log, Defendant asserts that the redacted portions of the document are protected by work-product privilege because they were prepared in connection with this litigation. [DE-256-1] at 5. Plaintiffs suggest that work-product protection is not appropriate because the emails were not drafted by Leeth and are not a product of his work as an attorney, no other participant on the email is an attorney, and the rally at issue was public and not related to this litigation. Pls.' Mot. [DE-256] at 3.

A document created by a non-attorney may still be entitled to protection as work product if

it was prepared in anticipation of litigation. *See Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1219 (4th Cir. 1976) (affirming that work-product protection applies to documents "prepared by an 'attorney' or '*representative of a party*' 'in anticipation of litigation or for trial' or '*concerning the litigation*' . . . .") (emphasis added); *In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*, No. CA 2:06-MN-77777-DCN, 2008 WL 2338552, at *18 (D.S.C. May 8, 2008) (rejecting claim that the work-product protection cannot apply when no lawyer is involved in the emails, because "the work product immunity protects material prepared by non-lawyers in anticipation of litigation.") (citing *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 666 (3d Cir. 2003)); *Williams v. Lowe's Home Centers Inc.*, No. 5:07-MC-00002, 2008 WL 227303, at *1 (W.D.N.C. Jan. 25, 2008) ("The work-product doctrine protects the opinions of any client representative, not just lawyers."). The privilege log indicates that the redacted portion of the document contains communications created for litigation purposes between Defendant's employee and a consultant retained by Defendant who assisted with this litigation, and thus work-product protection is appropriate. Further, as explained above, the protection afforded the communication is not defeated simply because the underlying document is public in nature. *See Gen. Elec. Co.*, 2015 WL 5443479, at *2. Accordingly, Defendant has sufficiently demonstrated the document is entitled to work-product protection and Plaintiffs have failed to provide a factual basis that would justify *in camera* review.

### D.     Document M00106050513–25

This document is a 13-page fax containing the May 4, 1999 North Carolina Pork Council ("NCPC") Executive Committee and Board Minutes, [DE-258] at 10-22, of which two sections are redacted, *id.* at 14, 18. According to the September 28, 2016 supplemental privilege log, Defendant asserts, on behalf of third-party NCPC, that attorney-client privilege applies because the redacted

portions contain a request for outside counsel's legal opinion. [DE-256-2] at 3; Waylett Decl. [DE-264] ¶ 17. Plaintiffs suggest that attorney-client privilege does not apply because the attorney listed on the privilege log, Charles Case, is not an addressee on the document, the content of the pages containing the redaction does not indicate the redacted material is privileged, and NCPC has not itself provided a submission or statement to the court. Pls.' Mot. [DE-256] at 3.

The request for a legal opinion, including the information necessary to secure the opinion, may be a privileged communication when discussed between members of an organization even when the attorney is not included on the communication. *See Hepburn*, 2014 WL 12623294, at *2 ("[A] document need not be authored [by] or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds.") (quoting *Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993) and citing *Stopka v. Am. Family Mut. Ins. Co.*, 816 F. Supp. 2d 516, 526-27 (N.D. Ill. 2011) ("The fact that an email may not involve an attorney as a direct sender or recipient does not necessarily mean that the attorney-client privilege cannot apply."); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005)). The privilege log indicates that the redacted information here reflects a request for a legal opinion by NCPC to its outside counsel and Case is listed as a participant, which is sufficient to establish privilege. Further, the action items on the agenda appear discrete and, thus, the nature of the unredacted material is not necessarily indicative of the nature of the redacted material. Finally, Defendant does not have the authority to waive the attorney-client privilege between NCPC and its counsel. Another court has rejected the argument that a defendant improperly asserted privilege on behalf of a third party where emails from the file of the defendant's employee that were created during his past employment as an attorney with a third party were privileged, and that court concluded that only the past employer could waive the privilege.

*In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-MD-02186-BLW, 2014 WL 2435581, at *13 (D. Idaho May 30, 2014) (citing *U.S. v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996); *U.S. v. Doe*, 429 F.3d 450, 452 (3rd Cir. 2005)). Similarly here, the privileged document came from the file of Defendant's employee who was a member of the NCPC Board and attended the meeting. Defendant cannot waive the privilege between the NCPC Board and its counsel, and Plaintiffs have presented no factual basis from which the court could conclude that NCPC has waived the privilege. Accordingly, the attorney-client privilege applies, and *in camera* review is unnecessary.

### E.     Document M00201111067–70

This four-page document contains two memos from August 1995 regarding a lagoon upgrade project, [DE-258] at 23-26, of which two lines are redacted, *id.* at 26. According to the September 28, 2016 supplemental privilege log, Defendant asserts that the redacted portion of the document is protected by attorney-client privilege because it contains a request for in-house counsel Reef Ivey's legal opinion. [DE-256-2] at 4; Waylett Decl. [DE-264] ¶ 13. Plaintiffs suggest that attorney-client privilege does not apply because Ivey is not listed on the document and the content preceding the redaction is economic and non-legal. Pls.' Mot. [DE-256] at 3.

As explained above, a document containing a request for a legal opinion and the information provided to the attorney for the purpose of providing that opinion may be privileged whether or not the attorney is an author or recipient of the document. *See Hepburn*, 2014 WL 12623294, at *2. Further, the economic-based content immediately proceeding the redacted material does not undermine Defendant's assertion that the redacted information is privileged where the document states that two additions were suggested (the second of which is redacted) and there is nothing to suggest the two are related. And, even if they are related, the fact that the request for a legal opinion

9

relates to an economic issue does not undermine the privileged nature of the communication. *See Gen. Elec. Co.*, 2015 WL 5443479, at *2 ("The privilege attaches not to the information but to the communication of the information.") (citation omitted). Accordingly, the privilege log is sufficiently specific to establish the privilege, and Plaintiffs' arguments to the contrary do not justify *in camera* review.

### F. Document S001022200106–29

This 14-page document contains a November 2000 memorandum from Mike Williams (a professor at N.C. State University) to "Potential economic service providers" for the purpose of identifying providers to assist with the determination of economic feasibility of certain technology for waste management under an agreement between the Attorney General and Smithfield Foods and its subsidiaries. [DE-258] at 27-40. The only redactions are on two otherwise blank pages preceding the memo and in the margin of the cover page to the memo. *Id.* at 27-29. According to the September 28, 2016 supplemental privilege log, the redacted material is protected by attorney-client privilege because it contains the legal opinion of Kelley Kline (in-house counsel) regarding the economic feasibility assessment, both in her own hand-written notes and the notes of another employee. [DE-256-2] at 5; Waylett Decl. [DE-264] ¶ 9. Plaintiffs suggest that attorney-client privilege does not apply because the subject matter of the document is economic and the issues would "appear more business-related than legal." Pls.' Mot. [DE-256] at 3.

The underlying document is related to the execution of an agreement between the Attorney General and Smithfield, and thus it is reasonable to expect Smithfield would solicit an opinion of its in-house counsel on the matter. Plaintiffs' speculation to the contrary is not sufficient to justify *in camera* review. The privilege log sufficiently establishes that the redacted material contains the

10

opinion of counsel, which whether reflected in counsel's own notes or in the notes of another employee is privileged. *See Hepburn*, 2014 WL 12623294, at *2. Accordingly, the redacted material is protected, and *in camera* review is not necessary.

### G.     Document S00107020093–95

This document consists of a three-page email chain with redacted information contained in two email exchanges drafted by Don Butler and sent to Kelly Kline (in-house counsel), David Evans (outside counsel), and nine other executives and consultants. [DE-258] at 41-43; Waylett Decl. [DE-264] ¶ 10. According to the September 28, 2016 supplemental privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among outside counsel, in-house counsel, consultant and employees regarding waste treatment technology assessment contains information provided to outside counsel and in-house counsel for the purpose of rendering a legal opinion." [DE-256-2] at 6. Plaintiffs suggest that the material is not privileged because the author is not an attorney, most of the recipients are not attorneys, and there is nothing to suggest the emails were sent for the purpose of obtaining legal advice. Pls.' Mot. [DE-256] at 3.

As explained above, an attorney does not have to author the communication for privilege to attach, and likewise "the fact that a corporate attorney is copied on an email, rather than appearing as a direct recipient, is not fatal to a claim of privilege." *Hepburn*, 2014 WL 12623294, at *4. Here, the privilege log sufficiently demonstrates that counsel were included on the email for the purpose of receiving information to provide a legal opinion, and Plaintiffs have failed to provide a factual basis that would justify *in camera* review.

### H.     Documents S00113130076, S00113241325–26, and S00113250666–67

Document S00113130076 consists of a two-email chain with redacted information contained

11

in the email forwarded by Garth Boyd (a Smithfield executive) to Kelly Kline (in-house counsel), David Evans (outside counsel), and three other Smithfield or Murphy Brown employees. [DE-258] at 44; Waylett Decl. [DE-264] ¶ 11. According to the September 28, 2016 supplemental privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among outside counsel, in-house counsel and employees regarding swine waste management report contains information provided to outside counsel and in-house counsel for the purpose of rendering a legal opinion." [DE-256-2] at 7. Document S00113241325–26 similarly consists of two emails with redacted information contained in the email forwarded by Garth Boyd to Kelly Kline and three other Smithfield employees. [DE-258] at 45-46; Waylett Decl. [DE-264] ¶ 14. According to the September 28, 2016 supplemental privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among in-house counsel and employees regarding hurricane impact contains information provided to in-house counsel for the purpose of rendering a legal opinion." [DE-256-2] at 8. Document S00113250666–67 consists of two emails with redacted information contained in the email forwarded by Prince Dugba (a Smithfield engineer) to Bill Gill and copied to Kelly Kline and three other employees. [DE-258] at 47-48; Waylett Decl. [DE-264] ¶ 15. According to the September 28, 2016 supplemental privilege log, Defendant asserts that attorney-client privilege applies because the "[r]edacted portion of [the] email string among in-house counsel and employees regarding odor abatement contains information provided to in-house counsel for the purpose of rendering a legal opinion." [DE-256-2] at 9. Plaintiffs suggest that these emails are not privileged because the subject matter of the underlying emails are public in nature, privilege does not apply to business or other advice that could be given by a non-attorney, or the correspondence merely copies an attorney. Pls.'

Mot. [DE-256] at 4.

First, the public nature of the underlying documents does not defeat the privilege afforded to the communication requesting a legal opinion on the public issue. *See Gen. Elec. Co.*, 2015 WL 5443479, at *2. Next, the privilege log sufficiently demonstrates that counsel were included on the email for the purpose of receiving information to provide a legal opinion and mere speculation that the purpose was business and not legal does not justify *in camera* review. *See Hepburn*, 2014 WL 12623294, at *5. Finally, "the fact that a corporate attorney is copied on an email, rather than appearing as a direct recipient, is not fatal to a claim of privilege." *Id.* at *4. This is so because "[i]n the corporate context, documents subject to the privilege may be transmitted between non-attorneys (especially individuals involved in corporate decision-making) so that the corporation may be properly informed of legal advice and act appropriately." *Id.* at *2 (internal quotation marks and citations omitted). Accordingly, the Defendant properly asserted privilege over the redacted documents.

### III. CONCLUSION

For the reasons explained herein, Plaintiffs' motion to compel production of unredacted documents or for *in camera* review [DE-256] is DENIED.

SO ORDERED, the **26** day of May 2017.

Robert B. Jones, Jr.
United States Magistrate Judge