# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
### Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM )
NUISANCE LITIGATION )
                                         )

**THIS DOCUMENT RELATES TO:**
*Collier v. Murphy-Brown LLC*, No. 2:14-CV-56-BR
*Barton v. Murphy-Brown LLC*, No. 7:14-CV-218-BR
*Blow v. Murphy-Brown LLC*, No. 7:14-CV-232-BR
*Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR

## ORDER

This matter is before the court on defendant Murphy-Brown LLC's ("defendant") motion for partial summary judgment on judicial estoppel grounds related to bankruptcy non-disclosure. (DE # 296.) The motion has been fully briefed and is ripe for disposition.

The twenty-six cases comprising this litigation concern swine farm operations in eastern North Carolina. In each case, plaintiffs, individuals who live in close proximity to specified farms, seek to recover monetary damages for nuisance and negligence. Defendant owns all the swine on the farms.

In each of the above-captioned cases, plaintiffs Ben Artis, Dianne Artis, Howard Murphy, Joyce Murphy, Wilma Hall, and Rosalyn Moore (collectively "plaintiffs") did not disclose the existence of the claims (either as pending claims or contingent and unliquidated claims) which are the subject of this action in his or her Chapter 13 filings in the bankruptcy court. Defendant contends that pursuant to the judicial estoppel doctrine, plaintiffs' claims should be dismissed for failing to make the appropriate disclosure to the bankruptcy court. Plaintiffs oppose the motion, relying significantly on the fact that those plaintiffs with pending bankruptcy proceedings have

recently amended his or her filings to disclose the instant claims and to list the claims as an asset.[1]

> "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir.1996) (internal quotation marks omitted). While "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks and alteration omitted), in this circuit we generally require the presence of the following elements:
>> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. The position at issue must be one of fact as opposed to one of law or legal theory. Second, the prior inconsistent position must have been accepted by the court. Lastly, the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage. This bad faith requirement is the determinative factor.
>
> *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir.2007) (citations and internal quotation marks omitted).

Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010), abrogated on other grounds by Vance v. Ball State Univ., 133 S. Ct. 2434 (2013). At bottom, however, the doctrine is an equitable one, to be "invoked by a court at its discretion," New Hampshire, 532 U.S. at 750 (citation and internal quotation marks omitted), and "is an 'extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice,'" Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 365 (3d Cir. 1996) (alteration in original).

The Fourth Circuit Court of Appeals recognizes that "[j]udicial estoppel has often been applied to bar a civil law suit brought by a plaintiff who concealed the existence of the legal claim from creditors by omitting the lawsuit from his bankruptcy petition." Whitten, 601 F.3d at

---
[1] The bankruptcy court granted plaintiff Wilma Hall a discharge and closed her bankruptcy proceeding in 2013. The other plaintiffs' bankruptcy proceedings remain pending.

241 (citing Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)). Plaintiffs with ongoing bankruptcy cases do not dispute that they were required, and failed, to disclose their claims. Rather, the issues here are whether plaintiffs acted in bad faith and whether it would be equitable to apply judicial estoppel.

To resolve these issues, the court examines the circumstances surrounding plaintiffs' failure to disclose and their subsequent actions taken to correct that failure. Plaintiff Wilma Hall filed a petition for Chapter 13 bankruptcy in 2008, and the bankruptcy court granted her a discharge in 2013 more than a year before she asserted her claims in this court. Over the years, each of the other plaintiffs has filed more than one Chapter 13 petition, the most recent of which has been pending during this litigation. Plaintiffs have been represented by counsel in the bankruptcy court throughout the course of their respective proceedings. In the case of plaintiffs Ben and Dianne Artis, in mid-2014, their counsel in this action notified their bankruptcy counsel of the pendency of their nuisance claim (which was then pending in state court). Despite this notification, the Artis's bankruptcy counsel apparently did not amend their pertinent filings to reflect the claim. It was not until after defendant filed the instant motion did Mr. and Mrs. Artis and the remaining plaintiffs, except Hall whose bankruptcy case closed nearly four years ago, file the appropriate amendments. According to their declarations, none of plaintiffs intended to conceal anything from the bankruptcy court.

The bankruptcy trustee in the pending bankruptcy cases testifies that "[t]he claims disclosed against the Defendant in the amendments are property of each debtor's bankruptcy estate." (Bledsoe Aff., DE # 335-1, ¶ 5.) He further states:

7. As the Trustee of these bankruptcy estates, it is my duty and my desire to preserve these claims for the bankruptcy estates.
8. I acknowledge the authority of the debtors in these cases to pursue these claims against the Defendant, and do not desire to intervene into this

> action; provided that, any net recovery obtained by any debtor remains property of the bankruptcy, be paid to me as Trustee, and disbursed in accordance with the order of the Bankruptcy Court.
> 9. I will take the appropriate action to modify each debtor's confirmed chapter 13 plan to properly account for the recovery of damages.

(Id.)

Considering all the circumstances and the testimony of plaintiffs and the bankruptcy trustee, the court has serious doubts about plaintiffs' acting in bad faith and, at any rate, concludes that the equities weigh against judicial estoppel. The court is particularly persuaded by the bankruptcy trustee's desire that plaintiffs' claims here be preserved and the fact that presumably any damages recovered here will go towards the payment of plaintiffs' creditors.[2] While the court is concerned about Mr. and Mrs. Artis's claim in their amended bankruptcy filing that any recovery is exempt from creditors, (DE # 335-7, at 12), the court leaves resolution of that issue, if necessary, to the bankruptcy court. At trial, defendant will have the opportunity to vigorously cross-examine plaintiffs about their failure to make the required disclosures to the bankruptcy court. Given plaintiffs' apparent inadvertent failure to disclose the claims earlier, their recent corrected bankruptcy filings, and the benefit that may inure to their creditors, the court finds that the extraordinary remedy of judicial estoppel should not be applied to bar plaintiffs' claims.

For the foregoing reasons, defendant's motion for partial summary judgment on judicial estoppel grounds is DENIED. Plaintiffs' counsel is DIRECTED to serve copies of this order on counsel for Ben Artis, Dianne Artis, Howard Murphy, Joyce Murphy, Wilma Hall, and Rosalyn

---

[2] With Hall's bankruptcy case having been closed years ago, "Plaintiffs submit it would be administratively wasteful to attempt to now go back and re-open her closed bankruptcy matter." (Pls.' Mem., DE # 333, at 15.) The court expresses no opinion on that issue. The court will direct service of a copy of this order on Hall's bankruptcy attorney and the trustee and will leave it to those individuals to determine whether any action in Hall's bankruptcy case may be warranted. However, the court will consider at the appropriate time whether Hall's damages should be limited to the period after her discharge in bankruptcy.

Moore in their bankruptcy proceedings and the bankruptcy trustee in each of those proceedings and to file a certificate of service in that regard.

This 2 June 2017.

_____
W. Earl Britt
Senior U.S. District Judge