IN RE: NC SWINE FARM       )
NUISANCE LITIGATION       )
_____)

**THIS DOCUMENT RELATES TO:**
*McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR
*McGowan v. Murphy-Brown LLC*, No. 7:14-CV-182-BR
*Anderson v. Murphy-Brown LLC*, No. 7:14-CV-183-BR
*Gillis v. Murphy-Brown LLC*, No. 7:14-CV-185-BR
*Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR

## ORDER

This matter is before the court on defendant Murphy-Brown LLC's ("defendant") motion for partial summary judgment on the claims seeking damages for health effects and symptoms. (DE # 301.) The motion has been fully briefed and is ripe for disposition.

The twenty-six cases comprising this litigation concern swine farm operations in eastern North Carolina. In each case, plaintiffs, individuals who live in close proximity to specified farms, seek to recover monetary damages for nuisance and negligence. Defendant owns all the swine on the farms. To date, more detailed discovery has been conducted in five "Discovery Pool Cases," which are captioned above.

Defendant contends that plaintiffs are seeking to recover damages for adverse health effects and symptoms purportedly caused or exacerbated by living near the swine farms and that medical expert testimony as to any such causation is necessary. Plaintiffs disagree with defendant's characterization of the damages they seek. According to plaintiffs, they "seek[] damages based on impairment of their use and enjoyment of their homes stemming from odor, fumes, truck noise, insects and other complaints[,]" which includes physical discomfort and effects, such as nausea, headaches, watery eyes, and difficulty breathing. (Pls.' Mem., DE # 340,

at 8.)  Plaintiffs argue that testimony about the cause of these physical effects is within a

layperson's ordinary understanding, and therefore, medical expert testimony is not required.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  "In order to establish a claim for nuisance, a plaintiff must show the existence of a

substantial and unreasonable interference with the use and enjoyment of its property."

Broadbent v. Allison, 626 S.E.2d 758, 765 (N.C. Ct. App. 2006) (internal quotation marks and

citation omitted).  Interference is substantial when it "affect[s] the health, comfort or property of

those who live near" and "work[s] some substantial annoyance, some material physical

discomfort to the plaintiffs, or injury to their health or property."[1]  Watts v. Pama Mfg. Co., 124

S.E.2d 809, 814 (N.C. 1962) (citations omitted); see also The Shadow Grp., L.L.C. v. Heather

Hills Home Owners Ass'n, 579 S.E.2d 285, 287 (N.C. Ct. App. 2003) ("The pattern jury

instruction for private nuisance instructs that '[i]nterference is substantial when it results in

significant annoyance, material physical discomfort or injury to a person's health or property.  A

slight inconvenience or a petty annoyance is not a substantial interference.'" (quoting N.C.

Pattern Jury Instructions for Civil Cases 805.25)).

Regarding testimony concerning the cause of complex health effects, North Carolina,[2]

like most jurisdictions, requires medical expert testimony.  See Young v. Hickory Bus. Furniture,

---

[1] Plaintiffs do not mention their negligence claims, other than in passing.  Even so, the discussion below about expert and lay testimony and causation is equally applicable to a negligence cause of action.

[2] The parties appear to agree that resolution of the legal issue of the necessity of expert testimony here is governed by North Carolina, rather than federal, law.  (See Def.'s Mem., DE # 302, at 4-8 (relying on North Carolina case law); Pls.' Mem., DE # 340, at 14 n.24, 15-18 (same).)  This position is consistent with case law.  See In re: Lipitor (Atorvastatin Calcium) M Bnvarketing, Sales Practices & Prods. Liab. Litig., MDL No. 2:14-mn-02502-RMG, 2017 WL 87067, at *12 (D.S.C. Jan. 3, 2017) ("[W]hile the question of whether evidence is sufficient to survive summary judgment is generally a matter of federal procedural law, 'the 'expert testimony' rule' may be 'so closely interrelated with the substantive cause of action . . . that federal courts sitting in diversity cases should apply the state rule in order to fully realize state substantive policy.'" (citations omitted)).  Cf. Galloway v. Horne Concrete Constr., 524 F. App'x 865, 870 (4th Cir. 2013) ("[T]he question of whether a personal injury dispute presents a

538 S.E.2d 912, 915 (N.C. 2000) ("Due to the complexities of medical science, particularly with respect to diagnosis, methodology and determinations of causation, this Court has held that 'where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.'" (citation omitted)). "But when 'any layman of average intelligence and experience would know what caused the injuries complained of[,]' lay testimony on proximate cause is permissible." Smith v. Herbin, 785 S.E.2d 743, 745 (N.C. Ct. App. 2016) (quoting Gillikin v. Burbage, 139 S.E.2d 753, 759 (N.C. 1965)); see also Smith v. Pass, 382 S.E.2d 781, 788 (N.C. Ct. App. 1989) ("However in this case, where [the plaintiff's] injuries were obvious and apparently did not involve complicated diagnostic procedures or treatment, we hold that expert medical testimony as to the cause of his injuries was not necessarily required.").

The court agrees with plaintiffs that what they are claiming does not require expert medical testimony. Plaintiffs do not claim the odor coming from the swine farms caused or exacerbated any medically diagnosable disease or complex medical condition. They experienced symptoms such as nausea, headache, coughing, and watery eyes upon smelling the odor produced by the swine farms. Testimony about those symptoms and testimony that the symptoms resulted from smelling the unpleasant odor are within the common knowledge and experience of a layperson and relates to the interference with plaintiffs' use and enjoyment of their properties. Thus, medical expert testimony is not necessary to show a causative link between plaintiffs smelling the odor and their physical symptoms. Compare Huskins v. United

'complicated medical question' necessitating expert testimony, involves an interpretation of state law, which we review de novo." (citations omitted)).

<u>Feldspar Corp.</u>, 84 S.E.2d 645, 648 (N.C. 1954) (recognizing that medical testimony is required to establish that one is disabled due to silicosis); <u>Smith</u>, 785 S.E.2d at 745 (holding that medical expert testimony was required on the issue whether two automobile collisions caused the tingling in the plaintiff's arm and the itchy sensation in her back because these sensations and their neurological causes are complex and because the plaintiff never described what happened to her body during the collisions); <u>Anderson v. Housing Auth.</u>, 609 S.E.2d 426, 427-29 (N.C. Ct. App. 2005) (holding the plaintiffs had failed to come forward with sufficient evidence that the release of carbon monoxide from gas boilers caused the plaintiffs to suffer from grogginess, nosebleeds, headaches, and nausea where there was no evidence beyond the plaintiffs' own speculative testimony), <u>with</u>, <u>Gillikin</u>, 139 S.E.2d at 759 ("[N]o medical evidence was required to link plaintiff's soreness the next day and the six-inch bruise on her right hip with the incident . . . ."); <u>Phelps v. Duke Power Co.</u>, 358 S.E.2d 89, 91 (N.C. Ct. App. 1987) (holding that the plaintiff's testimony alone about the fatigue he suffered since being shocked by the defendant's power line was sufficient to establish the cause of his disability), <u>rev'd on other grounds</u>, 376 S.E.2d 238 (N.C. 1989); <u>Goble v. Helms</u>, 307 S.E.2d 807, 814 (N.C. Ct. App. 1983) (holding medical evidence was not required to establish a causal connection between a collision and the plaintiff's loss of strength and numbness in his body, where he testified he had not experienced the conditions prior to the collision).

  Defendant's motion for partial summary judgment on the claims seeking damages for

health effects and symptoms is DENIED.

This 16 June 2017.

_____
W. Earl Britt

Senior U.S. District Judge