IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-13-BR

IN RE: NC SWINE FARM ) ORDER
NUISANCE LITIGATION )

THIS DOCUMENT RELATES TO:
*Blanks v. Murphy-Brown, LLC*, No. 7:14-CV-219-BR
*Blow v. Murphy-Brown, LLC*, No. 7:14-CV-232-BR

These cases are before the undersigned on referral from the district court for hearing and resolution on the matter of dates and protocols for inspections of the hog farms at issue. [DE-503] ¶ 15. At the court's direction, the parties filed a joint status report regarding the hog site inspections. [DE-507]. The undersigned held a hearing on July 9, 2018, at which counsel for the parties participated. Counsel for the nonparty growers appeared at the invitation of the court, but stated that the growers were not presently before the court by subpoena or otherwise and, additionally, that the growers reserved all their rights.

The *Blanks* case involves four farms: Lisbon Sow Farm 1, JB Priest Farm 1, and JB Priest Farm 2, which are owned by growers, and Lisbon Sow Farm 2, which is owned by Murphy-Brown. [DE-495] at 18–19. The *Blow* case involves four farms: Jarman Farm, R&K Jarman Farms 4–7, Eugene Whaley Farm, and King Farms-Hollsville Farms, which are all owned by growers. *Id.* at 19–20. The growers have not yet been served with subpoenas to inspect their farms and, thus, are not presently before the court. Accordingly, while this order governs the time-frame for completion of all relevant farm inspections, the inspection protocol only relates to the Lisbon Sow Farm 2, owned by Murphy-Brown. Nevertheless, counsel for the growers and Plaintiffs should find this

order instructive in their negotiation of a protocol for inspection of the grower-owned farms. Finally, at the hearing, counsel for Murphy-Brown advised that the inspection of Plaintiffs' properties must also be considered and suggested they take place during the same time period as the farm inspections and conclude prior to Plaintiffs' depositions, which will take place from September 10 through October 8, 2018, [DE-503] ¶ 5.

The parties agreed on several aspects of the protocol and are still conferring about others, but some issues remain in dispute and are ripe for resolution. Having considered the filings of the parties and the arguments presented at the hearing, the court orders as follows with respect to the disputed issues:

1. Site inspections of Plaintiffs' properties and the hog farms at issue may begin on August 27, 2018. Inspections of Plaintiffs' properties shall conclude by September 7, 2018, and inspections of the hog farms shall conclude by September 17, 2018.

With respect to the inspection of Lisbon Sow Farm 2,

2. There shall be no upper limit on sample amount or size.

3. Plaintiffs shall be allowed 15 persons on the farm for the inspection.

4. Plaintiffs shall provide to Defendant, by no less than 24 hours prior to the inspection, a general description of what at the farm they intend to inspect. However, Plaintiffs are under no obligation to disclose in advance a detailed protocol, such as specific tests, procedures, methods, etc.

5. Defendant shall provide Plaintiffs with the requisite site-inspection paperwork by no less than 72 hours prior to the inspection. Plaintiffs shall provide to Defendant, by no less than 24 hours prior to the inspection, a list of the anticipated persons who will attend the inspection and the general role of each person, along with the requisite paperwork.

6. The farm shall, to the extent practicable, continue the normal course of operations prior to and during the inspection. Any actions undertaken at the farm, within 21 days prior to the inspection, that are outside the normal course of operations, shall be recorded in a log, a copy of which shall be provided to Plaintiffs 24 hours prior to the inspection. Any such actions undertaken in the 24-hour period prior to the inspection shall be recorded in a log, a copy of which shall be provided to Plaintiffs when they arrive at the farm.

7. Plaintiffs' designated site-inspection team shall not be permitted to come and go from the farm during the inspection, and any courier will not be permitted on the farm and must receive samples at the farm entrance.

The court expects the parties to act cooperatively and in good faith to execute this order and to accomplish the inspections in an efficient and effective manner.

SO ORDERED, the 13th day of July 2018.

Robert B. Jones, Jr.
United States Magistrate Judge