# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM            )
NUISANCE LITIGATION             )
_____  )

**THIS DOCUMENT RELATES TO:**
*McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR
*McGowan v. Murphy-Brown LLC*, No. 7:14-CV-182-BR
*Anderson v. Murphy-Brown LLC*, No. 7:14-CV-183-BR
*Gillis v. Murphy-Brown LLC*, No. 7:14-CV-185-BR
*Blanks v. Murphy-Brown LLC*, No. 7:14-CV-219-BR
*Blow v. Murphy-Brown LLC*, No. 7:14-CV-232-BR
*Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR

## ORDER

This matter is before the court on defendant Murphy-Brown LLC's motion to seal an exhibit filed in support of the joint motion for continuance and stay of discovery. (DE # 515.) Plaintiffs consent to the motion. (DE # 516.)

Prior to sealing documents, a district court must first give the public adequate notice and a reasonable opportunity to be heard. In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). The court must also determine the source of the public's right to access the documents. Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir. 1988). Public access to documents arises from two sources: the First Amendment and the common law. Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014). Those sources "provide different levels of protection." Stone, 855 F.2d at 180. The common law presumes access to all judicial records while the First Amendment extends to particular documents, namely, in civil cases, those the court considers in connection with summary judgment motions and court opinions ruling on such motions. Doe, 749 F.3d at 267; Stone, 855 F.2d at 180.

"For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" United States v. Appelbaum, 707 F.3d 283, 290 (4th Cir. 2013) (citation omitted). "Judicial records" include not only orders filed by the court but also documents filed with the court that "play a role in the adjudicative process . . . ." Id. However, "the mere filing of a document with the court does not render the document judicial." In re Policy Mgmt. Sys. Corp., Nos. 94-2254, 94-2341, 1995 WL 541623, *4 (4th Cir. Sept. 13, 1995) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). "[A] document becomes a judicial document when a court uses it in determining litigants' substantive rights. . . . [A] document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach." Id. (citations omitted).

Here, defendant filed its motion to seal and incorporated memorandum in support publicly. The joint motion for continuance and stay of discovery was also filed publicly. The response time under the local rules has expired, and no member of the public has filed an objection to the motion to seal.

The court concludes that no public right of access attaches to the document in question. It is a confidential agreement between the parties regarding alternative resolution of pending cases. Although the agreement was filed in support of the joint motion to continue and stay, it was not necessary to the court's resolution of that motion. The motion itself sufficiently details the reasons supporting the requested relief, and the agreement merely provides "proof" of the parties' representations in the motion. Furthermore, the resolution of the motion to continue and to stay concerns scheduling, a procedural issue, and does not involve the determination of any party's substantive rights. Accordingly, the court finds that the agreement at issue is not a judicial document to which a right of public access attaches.

Defendant's motion to seal is ALLOWED.

This 21 September 2018.

                                              W. Earl Britt
                                              Senior U.S. District Judge