IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-13-BR

IN RE: NC SWINE FARM )
NUISANCE LITIGATION )   ORDER

THIS DOCUMENT RELATES TO:
*Blanks v. Murphy-Brown, LLC*, No. 7:14-CV-219-BR
*Blow v. Murphy-Brown, LLC*, No. 7:14-CV-232-BR

These cases are before the undersigned on (1) Plaintiffs' motion to modify the discovery schedule in the *Blanks* and *Blow* cases [DE-537]; and (2) nonparty Lisbon I Farms, Inc.'s motion to quash a Rule 45 discovery subpoena [DE-538]. Responsive briefing was filed [DE-541, -542], and the court held a telephonic hearing on November 5, 2018. For the reasons that follow, the motion to modify the discovery schedule and the motion to quash are allowed.

## I. BACKGROUND

The *Blanks* case involves four farms: Lisbon Sow Farm 1, JB Priest Farm 1, and JB Priest Farm 2, which are owned by growers, and Lisbon Sow Farm 2, which is owned by Murphy-Brown. The *Blow* case also involves four farms: Jarman Farm, R&K Jarman Farms 4–7, Eugene Whaley Farm, and King Farms-Hollsville Farms, which are all owned by growers. These matters were previously referred to the undersigned for the purpose of setting dates and protocols for inspection of these hog farms. However, at that time Plaintiffs had not yet served subpoenas on the nonparty farms and so, while the grower's counsel appeared at a hearing on the inspection schedule and

protocol, his clients were not before the court and the protocol entered applied only to the Murphy-Brown owned Lisbon Sow Farm 2. [DE-510].

The order regarding the inspection dates and protocol was entered on July 13, 2018, setting site inspections of the farms to occur between August 27 and September 17. [DE-510]. At that time the *Gillis* trial was set to begin on September 4. On July 25 and 26, Plaintiffs served document subpoenas on all the grower-owned farms except Lisbon I. However, on August 19, the parties filed a joint motion for continuance of trial dates and a stay of discovery to explore settlement and to begin the appeals process in earlier-tried cases. On August 23, the court entered an order related to the discovery pool cases and *Blanks* and *Blow*, which continued the *Gillis* trial to November 13, 2018 and the *McGowan* trial to January 7, 2019, stayed discovery in *Blanks* and *Blow* until November 13, 2018, and amended the farm inspection period in *Blanks* and *Blow* to November 19 through December 10. [DE-517]. The parties participated in mediation on September 9, 25, and 27 and October 10, but have yet to reach a resolution, and subsequently turned their attention to preparation for the *Gillis* trial and to discovery, including farm inspections, in *Blanks* and *Blow*. On October 18, Plaintiffs served a document subpoena on Lisbon I, which precipitated the motion to quash and, to an extent, Plaintiffs' request for additional time to conduct farm inspections. The first *Blanks* trial group Plaintiffs' trial is set to begin on November 12, 2019, and the remaining *Blanks* and *Blow* Plaintiffs' trials have not been set.

## II. DISCUSSION

**A.     Motion to Modify the Discovery Schedule in *Blanks* and *Blow* [DE-537]**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'[T]he touchstone of 'good cause' under Rule 16(b) is diligence.' In other words,

2

the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)). "Rule 16(b)(4) expressly limits modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of extraordinary circumstances or in the interest of justice." *Id.* (quoting *Halpern v. Wake Forest Univ. Health Scis.*, 268 F.R.D. 264, 273 (M.D.N.C. 2010)). "Thus, a court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

Plaintiffs assert that despite diligence they have been unable to obtain subpoena discovery of grower documents or to schedule and coordinate site visits that are necessary to their conduct of farm inspections scheduled to occur between November 19 and December 10. Pls.' Mot. [DE-537] at 1. In fact, the growers take the position that nonparty discovery was barred by the court's August 23, 2018 stay order and would only be appropriate after the stay is lifted on November 13. Mot. to Quash [DE-538]. The court agrees, as discussed in more detail below, that the subpoena issued to Lisbon I Farms violated the court's discovery stay in *Blanks*. The need for document discovery from the growers and for the negotiation of an inspection protocol for grower farms, which could not occur during the stay, provides good cause for modifying the inspection deadlines. Furthermore, at the hearing, counsel for the growers— who it is worth emphasizing are nonparties— indicated that the document subpoenas and site inspections can be burdensome to the growers trying to run their farms so that negotiations to govern the scope of document subpoenas and farm inspections are vital

3

and the more time allotted the better. Finally, while Defendant expresses a legitimate concern, shared by the court, that these cases not be delayed, extending the deadlines will not necessitate a continuance of the trials. Accordingly, the court finds good cause to modify the discovery deadlines in the *Blanks* and *Blow* cases as follows:

*Blanks v. Murphy-Brown*, No. 7:14-CV-219-BR

1. Site inspections of Plaintiffs' properties and the hog farms at issue may take place from November 19, 2018 through February 22, 2019.

2. Depositions of Plaintiffs, Defendant's employees, and fact witnesses may take place from February 15, 2018 through March 15, 2019.

3. On or before March 18, 2019, Plaintiffs shall disclose their case-in-chief experts and serve those expert reports.

4. On or before March 22, 2019, Defendant shall disclose its case-in-chief experts and serve those expert reports.

5. On or before March 27, 2019, Plaintiffs shall disclose their rebuttal experts and serve those expert reports.

6. All experts shall be deposed on or before May 3, 2019.

7. Discovery shall be concluded on or before May 3, 2019.

8. Any dispositive motions shall be filed on or before May 31, 2019.

*Blow v. Murphy-Brown*, No. 7:14-CV-232-BR

9. Site inspections of Plaintiffs' properties and the hog farms at issue may take place from May 6 through May 31, 2019.

10. Depositions of Plaintiffs, Defendant's employees, and fact witnesses may take place from May 20 through June 28, 2019.

11. On or before July 1, 2019, Plaintiffs shall disclose their case-in-chief experts and serve those expert reports.

12. On or before July 5, 2019, Defendant shall disclose its case-in-chief experts and serve those expert reports.

13. On or before July 10, 2019, Plaintiffs shall disclose their rebuttal experts and serve those expert reports.

14. All experts shall be deposed on or before August 23, 2019.

15. Discovery shall be concluded on or before August 23, 2019.

16. Any dispositive motions shall be filed on or before September 23, 2019.

In setting these deadlines, the court has taken into account the existing trial schedule and anticipated breaks between trials. The parties are cautioned that future requests for any extension of these deadlines impacting the trial schedule will be disfavored. Counsel for the parties and the growers are expected to work cooperatively and in good faith to execute this order and to keep to the court's schedule. Accordingly, all disputes unable to be resolved through the meet and confer process must be promptly brought to the court's attention by appropriate motion.

**B.  Motion to Quash [DE-538]**

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order

pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, *Fed. Practice & Procedure* § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

The grower argues that the subpoena served on October 18 sought "discovery" in violation of the stay in *Blanks*, and the court agrees. In *Artis v. Murphy-Brown*, the court determined that a Rule 45 subpoena issued to a nonparty sought "discovery" within the scope of the court's scheduling

order, allowed the motion for protective order, and quashed subpoenas served after the close of discovery. No. 7:14-CV-237-BR, 2018 WL 3352639, at *3 (E.D.N.C. July 9, 2018). Here, Plaintiffs served a Rule 45 subpoena on a nonparty in the *Blanks* case while discovery was stayed and, therefore, service of the subpoena violated the court's stay and the subpoena will be quashed. Plaintiffs may reserve the subpoena when the stay expires on November 13. Finally, although there are new farms at issue in these cases, the parties should be mindful of their previous negotiations in the discovery pool cases regarding the scope of document subpoenas and a protocol for farm inspections, as well as the court's guidance on prior inspection protocols for the grower farms and Murphy-Brown owned farm. In other words, the parties should endeavor to be reasonable and dissaude themselves from "unnecessarily reinventing the wheel" where time is short.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion to modify the discovery schedule in the *Blanks* and *Blow* cases [DE-537] and nonparty Lisbon I Farms, Inc.'s motion to quash a Rule 45 discovery subpoena [DE-538] are allowed.

SO ORDERED, the 7th day of November 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge