UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Master Case No. 5:15-CV-00013-BR

IN RE: NC SWINE FARM
NUISANCE LITIGATION

ORDER

**THIS DOCUMENT RELATES TO:**
*ALL CASES*

This matter is before the court on the parties' joint motion to seal documents. (DE # 573.)

## I. BACKGROUND

On 18 July 2019, the parties filed a joint motion to seal three documents: (1) a motion filed at docket entry 572 (the "Motion"); (2) a supporting exhibit filed at docket entry 572-1 (the "Exhibit"); and (3) a proposed order filed at docket entry 572-2. (DE # 573.) On 23 July 2019, the court provided public notice of the request to seal and of the public's right to object within fourteen days. (DE # 575.) On 5 August 2019, Emery P. Dalesio, a reporter with The Associated Press, filed a response objecting to the parties' motion to seal. (DE # 579.) Dalesio contends "there is a significant public interest in this case," (id. at 1), and that the parties have failed to "identify a compelling interest that would be prejudiced by public disclosure," (id. at 2). The parties filed a joint reply. (DE # 581.) In their reply, the parties also identify docket entry 577—the court's order on the motion filed at docket entry 572—as one of the documents they request be sealed.[1] (Id. at 1.) As such, the court must consider whether to seal four separate

---

[1] The parties also broadly request "that all subsequent filings pertaining to the subject matter of the Documents be made and remain under seal." (DE # 581, at 8.) This general request is insufficient to carry the moving party's burden of justifying sealing. See CTB, Inc. v. Hog Slat, Inc., No. 7:14-cv-157-D, 2015 U.S. Dist. LEXIS 171798, at

documents, that is, the Motion, the Exhibit, the proposed order on the Motion, and the order ruling on the Motion, (DE ## 572, 572-1, 572-2, 577).

## II.      DISCUSSION

"[C]ourts of this country recognize a general right to inspect and copy public records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "[P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." Co. Doe v. Pub. Citizen, 749 F.3d 246, 266 (4th Cir. 2014). This right is not absolute, Nixon, 435 U.S. at 598, but "may be abrogated only in unusual circumstances," Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988). Therefore, when a party files a motion to seal a document, the court must: (1) determine if there is a public right of access to the document; (2) give the public notice of the request and a reasonable opportunity to object; and (3) "consider less drastic alternatives to sealing." Stone, 855 F.2d at 181; see also In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) [hereinafter In re Section 2703(D)]; In re Knight Publ'g Co., 743 F.2d 231, 234 (4th Cir. 1984).

The public right of access to a document may attach under common law or the First Amendment. In re Section 2703(D), 707 F.3d at 290; In re Knight Publ'g Co., 743 F.2d at 234. For either right of access to attach, the document must constitute a "judicial record." In re Section 2703(D), 707 F.3d at 290 (citing Baltimore Sun Co. v. Goetz, 886 F.2d 60, 63–64 (4th Cir. 1989)). A judicial record is one which "play[s] a role in the adjudicative process, or

---

*3 (E.D.N.C. Dec. 22, 2015). Without specific justifications for sealing a document, the court will not do so. Thus this order, which does not contain any sensitive or proprietary information and which the public has an inherent right to access, will remain unsealed. In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). Likewise, the court will not seal any future unidentified filings without a specific request to do so.

2

adjudicate[s] substantive rights." Id. "[T]he common law presumes a right to access all judicial records and documents." Id. "[T]his presumption can be rebutted if 'the public's right of access is outweighed by competing interests.'" Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235). A First Amendment right of access attaches "only to *particular* judicial records and documents" which satisfy the "experience and logic test," id. at 290–91 (emphasis in original) (citations omitted), such as motions for summary judgment and documents submitted therewith, Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). This right may be overcome only by a "'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" Id. at 290 (quoting Va. Dep't of State Police, 386 F.3d at 575); see also Stone, 855 F.2d at 181. Thus, "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" In re Section 2703(D), 707 F.3d at 290 (quoting Va. Dep't of State Police, 386 F.3d at 575). Accordingly, if a right of access attaches, the court "'must determine the source of [that right] with respect to each document.'" Va. Dep't of State Police, 386 F.3d at 576 (quoting Stone, 855 F.2d at 181).

In addition to substantive considerations, the court must comply with certain procedural requirements before sealing a document. See In re Knight Publ'g Co., 743 F.2d at 235–36. The court must give the public notice of the request and "a reasonable opportunity" to object. Stone, 855 F.2d at 181 (citing In re Knight Publ'g Co., 743 F.2d at 235). That is, the court must "docket it 'reasonably in advance of deciding the issue.'" Stone, 855 F.2d at 181 (quoting In re Knight Publ'g Co., 743 F.2d at 235). Additionally, the court "must consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing.'" Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235).

Here, the court has complied with the notice requirements set out by Knight. The motion to seal was filed on the public docket on 18 July 2019. (DE # 573.) On 23 July 2019, the court also filed a notice to the public, which provided an additional fourteen days for the public to submit objections to the motion to seal. (DE # 575.) Thus, the motion was docketed, and notice provided, "reasonably in advance of" the date of this decision. See Stone, 855 F.2d at 181.

The court considers the four documents at issue in turn.

**A. Motion and Exhibit**

The parties assert that the "'the right of access at issue arises under the common law.'" (DE # 574, at 2 (quoting CTB, Inc. v. Hog Slat, Inc., No. 7:14-cv-157-D, 2015 U.S. Dist. LEXIS 171798, at *2–3 (E.D.N.C. Dec. 22, 2015)).) Although the Motion and Exhibit do not involve adjudication of the parties' substantive rights, the Motion requests approval of the Exhibit, an "administrative device." (See DE # 574, at 4.) Such approval necessitates court review and consideration of the Exhibit. As such, these documents require judicial action and play a role in the adjudicative process. See In re Section 2703(D), 707 F.3d at 290–91 (holding motions through which the government requests access to electronic communication data "are 'judicial records' because they were filed with the objective of obtaining judicial action or relief"). The court therefore agrees with the parties that the common law presumption of access attaches to the Motion and Exhibit.

To overcome this presumption, "a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." In re Section 2703(D), 707 F.3d at 293 (quoting Under Seal v. Under Seal, 326 F.3d 479, 486 (4th Cir. 2003)). "[T]he party seeking to overcome the presumption bears the burden of showing [such] significant interest . . . ." CTB, Inc., 2015 U.S. Dist. LEXIS 171798, at *3.

> In balancing the [movant's] interest and the public's right to access, a court may consider the following factors: '[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records.'

In re Section 2703(D), 707 F.3d at 293 (quoting In re Knight, 743 F.2d at 235).

Here, the parties primarily contend that the public lacks any meaningful interest in the documents. (See DE # 574, at 4; DE # 581, at 3–4.) The parties' only advanced interest in sealing any of the documents is that of confidentiality: that "[t]he [d]ocuments contain sensitive information." (DE # 574, at 1, 4.) While the parties may prefer certain information remain confidential, that interest does not outweigh the public's presumed right to access materials relied upon by the court in reaching a decision. See Calderon v. SG of Raleigh, No. 5:09-CV-00218, 2010 U.S. Dist. LEXIS 49166, at *3 (E.D.N.C. May 18, 2010) ("[T]he parties' interest in confidentiality, while valid, does not outweigh the public's interest in access, specifically, the interest in knowing the contents of materials upon which a court makes a decision . . ." (citation omitted)); see also Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618, 622 (E.D. Va. 2011) (finding that even if all litigants support the motion to seal and no member of the public asserts the right for public access, the "court must still engage in a careful deliberation on the issue" (citing P & G v. Bankers Trust Co., 78 F.3d 219, 222, 225 (6th Cir. 1996))). The Motion and Exhibit do not contain confidential business information such as "'business techniques, the identification of [ ] customers, and [ ] finances,'" or trade secrets. Rosinbaum v. Flowers Foods, Inc., No. 7:16-CV-00233, 2017 U.S. Dist. LEXIS 8790, at *3 (E.D.N.C. Jan. 23, 2017) (citation omitted); see also 360 Mortg. Group, LLC v. Stonegate Mortg. Corp., No. 5:14-CV-00310, 2016 U.S. Dist. LEXIS 68694, at *22 (E.D.N.C. May 25, 2016) (citing Morris v. Cumberland Co. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 U.S. Dist. LEXIS 165063, at *3 (E.D.N.C. Nov. 13,

5

2013) (noting that the need to keep trade secrets or propriety business information confidential may overcome the common law right of access)).  Nor do the Motion and Exhibit contain any identifying information regarding minors, or any personal, medical, or financial information about anyone.  Cf. Mears v. Atl. Southeast Airlines, Inc., No. 5:12-CV-613-F, 2014 U.S. Dist. LEXIS 142571, at *7 (E.D.N.C. Oct. 7, 2014) ("Courts have repeatedly held that minors' privacy interests in medical and financial information . . . overcome the common law right of access in granting motions to seal."); Stokes v. Gramham, No. 5:10-CV-296-F, 2010 U.S. Dist. LEXIS 105200, at *1 (E.D.N.C. Sept. 30, 2010) (sealing plaintiff's medical records); 360 Mortg. Group, 2016 U.S. Dist. LEXIS 68694, at *22 ("[I]ndividuals' privacy interests in their own personal financial information have been found sufficiently compelling to overcome the First Amendment presumption of access." (citation omitted)).  Thus, although the parties contend the Motion and Exhibit contain "sensitive information," (DE # 574, at 4), the information contained within the Motion and Exhibit is not of a nature sufficient to overcome the public's interest in open public records.  This is especially so, when a member of the public asserts a right to access.  See Benjamin v. Sparks, No. 4:14-CV-186D, 2018 U.S. Dist. LEXIS 146102, at *6 (E.D.N.C. Aug. 28, 2018) (denying a motion to seal summary judgment materials "[g]iven the heavy burden . . . to overcome the presumption and the objection to sealing filed by a member of the public").

Because the parties' interest in sealing the Motion and Exhibit fails to overcome the (lesser) common law presumption of access, no First Amendment analysis is necessary.

**B. Proposed order**

The parties filed a proposed order granting the Motion. (DE # 572-2.)  The court did not utilize or enter that order, (cf. DE # 577), and therefore, it played no role in the adjudicative

process. As such, the proposed order is not a judicial record, and the public has no right to access the document. Thus, this document shall remain under seal.

### C. Order

"[J]udicially authored or created documents are judicial records." In re Section 2703(D), 707 F.3d at 290. As such, the court's order ruling on the Motion, (DE # 577), has a common law presumption of access. See id. at 291. To overcome that presumption, as explained above, the party seeking to seal the order must present a "significant countervailing interest." CTB, Inc., 2015 U.S. Dist. LEXIS 171798, at *3. Much like the Motion and Exhibit discussed above, the order does not contain the type of sensitive information which would justify its sealing. Despite the parties' contention that the documents at issue here would "not benefit the public," (DE # 574, at 4), "'official records and documents open to the public are the basic data of governmental operations,'" Co. Doe, 749 F.3d at 267 (quoting Mueller v. Raemisch, 740 F.3d 1128, 1135–36 (7th Cir. 2014)). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." Id. (citation omitted). Given the public's interest in the judicial process, specifically in the opinions issued by the courts, the parties' interest in confidentiality is insufficient to overcome the common law presumption of access to the order. Thus, no First Amendment analysis is necessary.

### III. CONCLUSION

For the aforementioned reasons, the court DENIES the motion to seal as to the Motion filed at docket entry 572, Exhibit filed at docket entry 572-1, and order filed at docket entry 577. The court ALLOWS the motion to seal as to the proposed order filed at docket entry 572-2. To protect the parties' rights should any decide to appeal this order, the court DIRECTS the Clerk to maintain the documents filed at docket entries 572, 572-1, and 577 provisionally sealed. If no

party files a notice of appeal within 30 days, these documents shall be unsealed. If any party timely files a notice of appeal, those documents shall remain sealed pending appeal or further court order.

This 9 January 2020.

_____
W. Earl Britt
Senior U.S. District Judge